## ASHER *et al.* v. DOYLE.

No. 4601.   Opinion Filed July 20, 1915.

Rehearing Denied August 3, 1915.

(150 Pac. 878.)

APPEAL AND ERROR—Trial—Decree—Presentation for Review—
Verdict.   The trial court has authority to disregard the verdict of
a jury in an equity case; the jury's verdict in such case being
only advisory.   And this court may examine and weigh the evi-
dence in such cases, where it has all the evidence before it.   But
where all the evidence, heard by the trial judge, is not brought
to this court by the record, the decree of the trial court should
be affirmed, since every presumption is in favor of its correctness,
and that presumption can only be overcome by affirmatively show-
ing it to be incorrect.

(Syllabus by Brett, C.)

*Error from Superior Court, Muskogee County;
Farrar L. McCain, Judge.*

Action by Gertie Doyle, *nee* White, against Kate
Asher and others.   Judgment for plaintiff, and defend-
ants bring error.   Modified and affirmed.

*W. F. Ramphendal,* for plaintiffs in error.

*Crump, Crump & Garrett,* for defendant in error.

Opinion by BRETT, C.   This action was commenced
in the superior court of Muskogee county by Gertie Doyle,
defendant in error, against Kate Asher, W. H. Bateman,
and the Randall Company, plaintiffs in error, to cancel
certain deeds to real estate described in the petition, on
the ground that the said Gertie Doyle was a minor at
the time she executed said deeds.   The question of her
age at the time of the execution of the deeds was the
sole and only question of fact involved in the action, and
by agreement the question was submitted to a jury, and,

after the evidence was in, the court submitted to the jury the following interrogatories:

"Was Gertie Doyle 18 years old when she executed the deed dated May 29, 1905?

"Was Gertie Doyle 18 years of age when she executed the deed dated January 6. 1905?"

Both of these interrogatories were answered by the jury in the affirmative, and the jury then seems to have been discharged. This proceeding was had on April 4, 1912. It appears that Gertie Doyle at that time, and after the return of the verdict of the jury, asked for a further hearing on the matter, at which she be allowed to introduce further evidence as to her age at the time of executing the deeds. This request was, without objection, granted, and the cause was continued until the 18th day of May, 1912, at which time Gertie Doyle introduced additional evidence in the presence of the court, and without a jury; but none of this additional evidence appears in the record. And, after hearing this additional evidence, the court on June 1, 1912, rendered its judgment and decree, and among other things finds:

"That the plaintiff, Gertie Doyle, is a Creek freedman, and is duly enrolled as such; that she was under the age of 18 years at the time she executed the deeds under which each of the defendants claim title; that said deeds are void and the verdict of the jury is not sustained by sufficient evidence; that the court has full jurisdiction of the parties to, and the subject-matter of, this suit; that the equities are with the plaintiff; and that she is the owner of the land in controversy herein and entitled to the immediate possession thereof."

Exception was saved by the plaintiffs in error (defendants below), and the cause brought to this court by petition in error and case-made. And this court is asked

to examine the evidence and set aside the judgment and decree of the trial court, and to instruct the trial court to render judgment in accordance with the verdict.

While it is a well-established rule in this court that in equity cases this court may examine and weigh the evidence, yet the record in this case is not in such condition that we can examine and weigh the evidence; for it clearly appears that the evidence heard by the trial court on May 18, 1912, is not in the record.

It is true that there is a recital in the record that it contains all the evidence, and the certificate of the trial judge states that the record "contains all the pleadings, motions, orders, evidence, findings," etc. But the journal entry of the decree recites the continuance from April 4, 1912, until May 18, 1912, and that on that date Gertie Doyle, "the plaintiff, offers further proof in support of the issues joined in the case," etc. And it is admitted in the briefs of both plaintiffs and defendant in error that this evidence was offered and heard by the court, which evidence is not in the record.

Every presumption is in favor of the correctness of the judgment of the court, and it will not be disturbed unless it is made to affirmatively appear that it is erroneous; and, in view of this additional testimony that was heard by the court, which the jury did not have, we must presume the court was justified in disregarding the verdict of the jury and entering a decree contrary to their finding. The court, of course, in an equity case would have had the right to do this under any circumstances, if he thought the verdict of the jury was wrong. But, if the plaintiffs in error desired this court to examine and weigh the evidence, they should

have brought all the evidence here. And in the absence of part of the evidence we cannot review the same.

And, with the legal presumption in favor of the correctness of the judgment, we think the judgment and decree should be affirmed.

By the Court: It is so ordered.