## COLEY *et ux.* v. DORE *et al.*

No. 5578.   Opinion Filed December 7, 1915.

Rehearing Denied March 21, 1916.

(156 Pac. 164.)

1. **APPEAL AND ERROR** — Review in Equity Case — Decision— **Weight of Evidence.** In a case of purely equitable cognizance, this court may examine and review the evidence; and if the findings and decision of the trial court clearly appear to be contrary to the weight of such evidence, it will overturn such findings and decision.

2. **EXCHANGE OF PROPERTY**—Rescission of Contract—Fraud— **Sufficiency of Evidence.** The evidence examined, and held, that the findings of the court are not against the weight thereof.

3. **VENDOR AND PURCHASER**—Rescission of Contract—Grounds —Expression of Opinion. A purchaser of land cannot predicate fraud upon statements made by the vendor which, either by reason of their form or subject-matter, show to be mere expressions of opinion. A purchaser is not justified in relying upon the accuracy of such statements; and, if he does, and the opinion turns out wrong, the purchaser has no action because thereof.

(Syllabus by Brewer, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by S. B. Coley and wife against P. J. Dore and others.   Judgment for defendants, and plaintiffs bring error.   Affirmed.

*W. C. Franklin* and *P. J. Carey,* for plaintiffs in error.

*S. V. O'Hare,* for defendants in error.

Opinion by BREWER, C.   This appeal presents error from the superior court of Muskogee county.   Plaintiffs in error, S. B. Coley and his wife, as plaintiffs below, brought this suit against P. J. Dore and his wife, as defendants, to obtain a rescission of a written contract, by

which said plaintiffs traded certain city lots, farming lands, and notes to defendants in exchange for an electric light plant, owned by defendants and situated in the town of Westville, Okla. It was sought to rescind the contract on the ground of fraudulent misrepresentations alleged to have been made by Dore in inducing and procuring the contract. Briefly stated, these misrepresentations were alleged to be: (1) Misrepresentation as to the aggregate value of the plant and of its net earning capacity; (2) that the defendants represented that they had a contract with the city of Westville to do the pumping of the water to be used by the municipality, and the inhabitants thereof, through which considerable revenue and profits would be derived, and that such representations were false. A voluminous record is presented, containing many pages of evidence; which includes the testimony of all the interested principals in the case; and after the evidence had been heard by the court, sitting as a chancellor, the court decided all the issues in favor of defendants, and made and entered the following findings of fact and judgment:

"(1) That the plaintiffs have failed to establish the material allegations of their petition, relative to fraud, and have failed to show that the representations and statements made by the defendants to the plaintiffs in the negotiations of the contract in evidence were false and fraudulent as in said petition alleged.

"(2) That the statements of the defendants as to the value of the electric light plant did not amount to a material allegation of fact, and were not so intended or considered by the parties, but were merely an expression of opinion, and that the valuation of such plant at $15,000 was fixed simply as a basis for the contemplated trade and

exchange of property, and that the same was made in good faith and without fraud.

"(3)    That the plaintiffs failed to produce satisfactory evidence that the representations relative to the expense of the operation of, and the income from, the said electric light plant were fraudulent or false, but that the evidence introduced shows that such representations were substantially true.

"(4)    That the plaintiffs knew and understood at the time of the making of the contract in evidence, that the defendants had no contract with the town of Westville to pump the city water as alleged in the petition of the plaintiffs.

"(5)    That as to any representations made by the defendants relative to such alleged contract with the town of Westville to pump the city water, the same were of such a nature and character, and related to such a subject, that the plaintiffs would not have been justified in relying upon them.

"(6)    That the plaintiffs did not rely, nor inform the defendants that they relied, upon the representations as to the value of the plant, the expense of operating the same and the income from said plant, but that the plaintiff S. B. Coley, acting for himself and as the agent of his co-plaintiff, personally made an investigation of the defendants' property prior to the execution of the contract, and that the plaintiffs were afforded an opportunity to make such investigation as full as they desired, and that in the making of said contract the said parties dealt at arm's length with each other.

"(7)    That relative to the rescission of the contract and the acts and conduct of the plaintiffs subsequent thereto, the court deems it unnecessary to make any findings of fact, in view of the above findings and conclusions herein reached.

"The court concludes and holds under the evidence introduced that there is no equity in the petition of the

plaintiffs; that the relief prayed for therein should be denied, and that said petition should be dismissed—to all of which findings and conclusions the plaintiffs except.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiffs take nothing by this suit; that the prayer of such petition be, and the same is hereby denied, and said cause be, and the same is, dismissed for want of equity, and that the defendants have judgment for their costs, for which let execution issue, to which judgment of the court the plaintiffs except."

Numerous errors are assigned and set out in the brief; but, when boiled down, they all amount to an attack upon the findings of the court as not being sustained by the evidence, except in one particular, where complaint is made of the rejection of certain evidence offered by plaintiffs relative to a defect in the title of two of the lots conveyed with the light plant.

1. It has been settled by many decisions in this court, commencing with *Schock v. Fish,* 45 Okla. 12, 144 Pac. 584, that in a case of purely equitable cognizance, this court may review the evidence, and, where the same shows that the findings and judgment of the trial court are clearly against the weight of the evidence, will set the same aside and reverse the case. *Success Realty Co. v. Trowbridge,* 50 Okla. 402, 150 Pac. 898; *Asher v. Doyle,* 50 Okla. 460, 150 Pac. 878; *Wimberly, Trustee, v. Winstock et al.,* 46 Okla. 645, 149 Pac. 238. This rule is invoked in this appeal, and under it we have examined, with care, the evidence produced at the trial, and from such examination, we are unable to say that its weight is contrary to the findings of the court. On the contrary, we think the court found in accordance with the clear weight of the evidence. In cases requiring an examination of the evidence, it is

always more satisfactory to the court, as it probably is to counsel, to set out and analyze the same in the opinion; but it cannot be done here, without extending this opinion far beyond the limits ordinarily observed. However, to show the weakness of plaintiffs in error's case, we may call attention briefly to some of their contentions: For instance, they complain seriously that defendants valued their property at $15,000 in trading it to plaintiffs for lands and lots, some of which defendants had never seen, yet plaintiffs went, with an experienced man, and examined the light plant, saw it all, ran the lines used for the distribution of electric current, and therefore had every means of forming their own estimate and judgment of its value. Defendants' estimate of value was a mere opinion, which they may have honestly entertained, but upon which plaintiffs had no right to rely to the exclusion of their own judgment and investigation, with examination of all the properties conveyed.

As to the representation as to the net earning capacity of the plant, it is not shown, by any proper or sufficient test, that the statements were not substantially correct.

As to the claim that defendants represented that they had a contract with the city, by which they were to pump the water from the municipal waterworks at a sum that would yield a good profit, plaintiffs practically admit that they knew, before they traded, that defendants had no such contract, and that they had merely filed with the council a written proposition relative to same; that the town had no water to pump, and that the bonds by which they expected to acquire a waterworks system had not been, at the time, even approved. Plaintiffs admit that they knew all these facts at the time they traded; and

nothing is said about it whatever in the written contract they entered into, which goes into the matters involved in the trade in considerable detail. Besides defendants, in their evidence, which, under the admitted facts, appears to us to be far more reasonable and trustworthy, deny that they ever stated that they had such a contract with the city, but say that they truthfully told plaintiffs they had made a written proposition to do the pumping for the city at a fixed price when the city got its waterworks, that they hoped and believed their proposition would be accepted, and that if it was, they thought it would be profitable. From reading the evidence of both the parties, we have no doubt that this is substantially what was stated, and that plaintiffs were fully aware of the situation when they traded. It would be inconceivable that defendants would state that they had a contract with the city, and that plaintiffs would rely on the same and make the trade, while at the same time they admit that they knew the bonds had not been approved, and that the city had no water to pump, and that no contract had been finally entered into between the parties; and, even if defendants told plaintiffs that they believed they would get the contract, and that plaintiffs would succeed to it, yet that is a mere expression of belief and opinion, and is not a representation of an existing fact by which plaintiffs could have been, or had a right, under the law, to be deceived.

In *Hazlett et al. v. Wilkin*, 42 Okla. 20, 140 Pac. 410, it is said in the syllabus:

"A purchaser of land cannot predicate fraud upon statements made by the vendor which, either by reason of their form or subject-matter, show to be mere expressions of opinion. A purchaser is not justified in relying upon the accuracy of such statements; and, if he does, and the

opinion turns out wrong, the purchaser has no action be-cause thereof."

See, also, 20 Cyc. 51; Cent. Dig. vol. 23, sec. 12, note 15, tit. "Fraud," collecting the cases.

2. In the brief some complaint is made of the rejection of certain evidence offered by plaintiffs, but the particular evidence, and just what plaintiffs attempted to prove, are not set out, and therefore this court is under no necessity of passing upon the same. From what is said, howlever, in a general way, it appears that there was some defect in the technical legal title of defendants as to two of the lots sold with the light plant; but defendants aver that they were the equitable owners of the lots, and were making provision to get full legal title, which they had a right to do under a provision of the written contract sought to be abrogated. Under this situation, the evidence, if admitted, would have offered no sufficient ground for rescission, and therefore we shall not discuss the technical question of its admissibility.

Viewing the case from all its angles, we believe that it was correctly and equitably decided, and we have no doubt that the weight of the evidence sustains the judgment, which should be affirmed.

By the Court:  It is so ordered.