**MARSHALL v. GRAYSON et al.**

No. 6743—Opinion Filed May 23, 1916.

On Rehearing, June 6, 1917.

(166 Pac. 86.)

1. **Cancellation of Instruments—Grossly Inadequate Consideration—Relief.**

Where there is a gross inadequacy or a total want of consideration, slight evidence of fraud, overreaching, or undue influence will justify the cancellation of a deed, where the enforcement of such deed would shock the conscience of the chancellor.

**2. Cancellation of Instruments—Defenses—Scope.**

Where the sole defense pleaded is a purchase for a valuable consideration of the lands in controversy, and the full payment of such consideration, such plea excludes a defense that the lands in question passed by gift.

**3. Appeal and Error—Review—Equitable Case—Judgment.**

This being a purely equitable case, this court will consider the whole record, weigh the evidence, and where the judgment of the trial court is clearly against the weight of the evidence, render, or cause to be rendered, such judgment as the trial court should have rendered.

(Syllabus by Collier, C.)

Error from District Court, Tulsa County; L. M. Poe, Judge.

Action by Mary Marshall against Lillie Grayson and others. Judgment for defendants dismissing the petition, plaintiff's motion for a new trial overruled, and she brings error. Reversed, with directions.

J. S. Severson and H. C. Allen, for plaintiff in error.

M. P. Howser, Z. I. J. Holt, and Frank L. Haymes, for defendants in error.

Opinion by COLLIER, C. This is an action brought by the plaintiff in error against the defendants in error for' the cancellation of two certain deeds described in the petition. The parties hereinafter will be designated as they were in the trial court. The petition in this case avers, among other things, that the said deeds were obtained from plaintiff by misrepresentation and fraud, and that she, plaintiff, never at any time received any consideration for said deeds, and that the consideration therein specified is wholly fraudulent so far as she is concerned; that she never received any amount whatever for the execution of same, and that said execution was obtained by said defendant on the sole and only statement relied on by said plaintiff and made by the defendant, Lillie Grayson, that said instruments were wills. The defendant Lillie Grayson answered and denied each and every material allegation contained in the petition; set up her ownership and possession of said lands, and averred that the said conveyances which are sought to be canceled were made to her by her mother for a valuable consideration, and that she (Lillie Grayson) had paid the said considerations named in said deeds to plaintiff. The defendant F. J. Robacker answered and set up that he had an interest in the lands in question, the same being in the shape of a mortgage for $1,500,

executed by Lillie Grayson to one Ida M. Evans, and duly assigned to him, and averred that he was an innocent purchaser by reason of the fact that the records of the county in which the lands were situated disclosed that the deeds herein attacked were regular, and disclosed title in Lillie Grayson, and that he had no knowledge to put him upon inquiry in regard to same. The defendants C. G. Castillo and A. L. Laws answered and set up their interests as being an oil and gas lease executed to them by Lillie Grayson, for which they had paid value and had entered into the same relying upon the record of the deeds to said Lillie Grayson, from her mother. and without any knowledge to put them upon inquiry in regard to any infirmities of said deeds. On the day the last deed was executed by plaintiff to defendant, Lillie Grayson made an agricultural lease of said lands to one Trammel, who is not a party to this action. Plaintiff offered evidence tending to show that she was overreached in the execution of the two deeds executed to her daughter and sought to be canceled, and that at the time of the execution of said deeds she did not understand that she (plaintiff) was deeding away her lands. The defendants offered evidence contradictive of that of plaintiff and tending to show that she (plaintiff) understood the transaction, and against the objection and exception of plaintiff that the lands were a gift by the plaintiff to Lillie Grayson. It is virtually admitted in the brief of the plaintiff in error that Ida M. Evans and F. J. Robacker, as held by the trial court, are innocent purchasers for value of said mortgage for $1,500. Neither in the brief of plaintiff in error, nor in the brief of defendants in error, is the status of the oil and gas lease executed by Lillie Grayson to said Castillo and Laws in any manner discussed, but there is evidence tending to sustain the defense of said lessees being innocent purchasers interposed by the lessees of said oil and gas lease, and sustained by the trial court. The lessee holding the agricultural lease executed by Lillie Grayson to Trammel is not a party to this action. The case was tried to the court, who found the issues in favor of the defendants, dismissed the plaintiff's petition, and taxed plaintiff with costs. The plaintiff timely made a motion for a new trial, which was overruled and exception saved, and to reverse said judgment the plaintiff brings error.

Under the view we entertain of the case, we deem it only necessary to consider the uncontradicted evidence that the plaintiff is an illiterate Indian woman, that the defendant Lillie Grayson is her daughter, and that said Lillie Grayson paid no considera-

tion to her mother for the conveyances in question, and the evidence tending to show that the plaintiff was overreached, and will confine our review to the question of whether or not the said deeds executed by the plaintiff to the defendant Lillie Grayson, conveyed to her (Lillie Grayson) a title to said lands, and the rights, if any, of the plaintiff under said oil and gas lease. We think that the said mortgagees under the evidence were innocent purchasers for value, and the lessee of the agricultural lease not being a party to the cause, the rights under said agricultural lease cannot be herein determined.

The defendant Lillie Grayson having pleaded "that she bought the lands for a valuable consideration, which consideration she has fully paid," and totally failing to sustain such defense, it, of course, excludes any idea of the lands having passed to her as a gift, under the well-settled rule that cases must be tried within the issues joined. Enc. Pl. & Pr. vol 11, p. 681, § 11.

This being a purely equitable case, this court will consider the whole record, weigh the evidence, and where the judgment of the trial court is clearly against the weight of the evidence, will render, or cause to be rendered, such judgment as the trial court should have rendered. Salina Pevehouse v. Adams, 52 Okla. 495, 153 Pac. 65; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898; Asher v. Doyle, 50 Okla. 460, 150 Pac. 878; Schock v. Fish, 45 Okla. 12, 144 Pac. 584.

The principle of equity applies that where there is a total want or gross inadequacy of consideration, slight evidence of fraud, overreaching, or undue influence will justify the cancellation of deeds the execution and enforcement of which shocks the conscience of the chancellor.

"Ordinarily mere inadequacy of consideration is not sufficient ground, in itself, to justify a court in canceling a deed, yet, when the inadequacy is so gross as to amount to fraud, or, in the absence of other circumstances, to shock the conscience, and furnish satisfactory and decisive evidence of fraud, it will be sufficient ground for canceling a conveyance or contract, either executed or executory; the rule being based upon the theory that fraud, and not inadequacy of price, is the sole reason for the interposition of equity." Barker et al. v. Wiseman, 51 Okla. 645, 151 Pac. 1047.

Of course, if gross inadequacy of price is sufficient ground upon which to base cancellation, a total want of consideration must support the rule laid down in the foregoing quoted case.

We hold that the said Lillie Grayson acquired no title to the lands in controversy under the deeds executed by her mother to her, and, it appearing that the oil and gas lease executed by Lillie Grayson to Laws and Castillo on the 18th day of July, 1913, is a valid lease by reason of the said Laws and Castillo being innocent purchasers thereof, the plaintiff is entitled to any benefits that may flow from the said oil and gas lease, and must be subrogated to any and all rights of the said lessor in said oil and gas lease to Lillie Grayson, including the payment to her of all royalties contracted by said lease to be paid.

We therefore recommend that this cause be reversed, with directions to the trial court to cancel and set aside the said two deeds executed by the plaintiff to her daughter, Lillie Grayson, to the lands described in the petition in this case, and tax the said Lillie Grayson with costs of this cause, to dismiss said cause as to F. J. Robacker and Ida M. Evans, and to decree the oil and gas mining lease executed by Lillie Grayson to said Castillo and Laws a valid lease, and that the plaintiff be subrogated to all the rights of said Lillie Grayson, as to the payment of royalties under such lease.

**On Rehearing.**

PER CURIAM. After carefully examining the record upon rehearing, we are satisfied that the former opinion prepared by Mr. Commissioner COLLIER, reaches a just and equitable conclusion in reversing the cause as between Mary Marshall and Lillie Grayson. We are of the opinion, however, that the cause should be remanded for a new trial upon the question of fraud as between these two parties, leaving the opinion and recommendation of the commission undisturbed as to all the other parties.

It is therefore ordered that the former order of the court granting a rehearing herein be set aside, that the opinion of the commission as herein modified be adopted as the opinion of the court and approved, and that mandate issue accordingly.

All the Justices concur.