FEDERAL NAT. BANK OF SHAWNEE v. DOWELL, INC.

*100 P. 2d 243.*

No. 28910.  Oct. 31, 1939.

Rehearing Denied March 12, 1940.

Goode & Goode, of Shawnee, for plaintiff in error.

James W. Pipkin, of Seminole, for defendant in error.

RILEY, J. Dowell, Incorporated, hereinafter called plaintiff, recovered judgment June 16, 1937, against the Manhattan Petroleum Corporation, Laroba Oil & Gas Company, H. A. Pease, and Opal R. Pease, in the district court of Pottawatomie county. On October 27, 1937, a special execution and order of sale was issued out of said court directing the sheriff of Seminole county to levy upon certain personal property within his jurisdiction. On November 5, 1937, the Federal National Bank of Shawnee, hereinafter referred to as the Bank, filed a motion in the original action requesting recall of this execution. From a judgment denying said motion and overruling a motion for a new trial, the Bank brings this appeal.

Plaintiff's action was instituted October 2, 1936. The only portion of said action, prior to filing the motion to recall execution, that is incorporated in the case-made is the journal entry of judgment. It is recited therein that the action was to foreclose a materialmen's lien on certain leasehold estates in Pottawatomie county; that the original lien statement was introduced in evidence; that the items in each of the two causes of action were proved by testimony of witnesses; and that plaintiff was entitled to judgment as prayed. The judgment further recited that certain property used in drilling the leasehold in Pottawatomie county had been moved to Seminole county and provided that plaintiff's lien followed said property.

At the hearing of said motion the Bank introduced the following documents: (a) A chattel mortgage dated December 7, 1935, executed by the Laroba Oil & Gas Company to the Bank, covering a portion of the property described in the journal entry, and showing recordation February 27, 1936; (b) a bill of sale executed December 8, 1935, by the Laroba Oil & Gas Company by H. A. Pease, president, to Opal R. Pease; the bill of sale covered the property described in ,the above chattel mortgage; (c) a chattel mortgage executed August 20, 1936, by Opal R. Pease to the Bank covering certain other personal property described in the journal entry of judgment and located in Seminole county. This mortgage was given subject to the above-mentioned chattel mortgage dated December 7, 1935; (d) an assignment of an oil and gas lease in trust executed August 21, 1936, by Opal R. Pease and H. A. Pease whereby title to a certain leasehold in Seminole county was conveyed in trust to the bank to secure an additional loan. On this leasehold was located the property removed from Pottawatomie county as mentioned in the journal entry of judgment.

On appeal, a judgment or decree of a lower court is presumed to be correct unless the contrary affirmatively appears from the record. Asher v. Doyle, 50 Okla. 460, 150 P. 878. It is true the action to foreclose the materialmen's lien was begun subsequent to the dates the various instruments introduced by the Bank were filed, but this does not

affirmatively show that the lien of Dowell, Inc., was inferior. In the journal entry of judgment it is stated that the original lien statement was introduced in evidence. The Bank easily could have and should have incorporated a copy of this lien statement in the record and from that this court could easily determine the date the various materials were furnished and the date the lien was filed. The Bank has not sustained the burden it assumed when it attacked the execution issued pursuant to the judgment of the lower court.

Judgment of the lower court is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DANNER, JJ., concur.