## LINN v. GREEN.

*(Circuit Court, D. Colorado. June 23, 1883.)*

1. EQUITY—BILL CHARGING FRAUD—INJURY RESULTING.
   The rule in equity is that it is not sufficient to charge a fraud simply, but the bill must charge also some injury as the result of the fraud; but this rule does not require any considerable damage, and a slight injury as the result of a fraud will give the party injured the right to bring his action and cancel the contract.

2. SAME—FALSE REPRESENTATIONS AS TO INCUMBRANCE ON REAL ESTATE.
   Where a man represents that a piece of real estate is free and clear of incumbrance, when in fact it is subject to incumbrance, and induces another to take it upon the belief that his representations are true, there is an injury, and a bill so charging is sufficient on demurrer.

3. SAME—EXAMINATION OF RECORDS.
   In such a case the purchaser has a right to rely upon the representations of the grantor, and is not bound to search the records to find whether they are true or not.

MCCRARY, J., (*orally.*) This is a bill in chancery, filed to cancel and set aside a contract and conveyance whereby the defendant sold to the complainant an interest in a mine. The bill avers that the defendant falsely and fraudulently represented to the complainant that this property was free and clear of incumbrance, and that he was induced by those representations to purchase it, and to pay for it the sum of $1,500; that he afterwards discovered that the represen-

tations were false; that the property was not free from incumbrance, but was subject to a judgment lien of some $700 against the defendant. Thereupon, immediately, as the bill avers, he tendered back a conveyance of the property, and demanded a return of the consideration money. There are various objections to the form of the bill, and some of them, perhaps, may be good, in strictness, if we were to consider them with very great nicety and technicality; but the only matter of substance is the question, whether there is an allegation of injury or damage here which is sufficient to give the complainant a right to relief in equity. He avers, as will be observed, that there was an incumbrance upon this property; that the representation was that it was free and clear from incumbrance. There is no allegation that the incumbrance has been enforced, or that complainant has been obliged to pay it in order to maintain his possession, or anything of that sort. The rule in equity is that it is not sufficient to charge a fraud simply, but you must charge also some injury as the result of the fraud. I think, however, that there is an injury charged here. The rule does not require any considerable damage. A slight injury as the result of a fraud will give the party injured the right to bring his action and cancel the contract; and I think it may be said that where a man represents that a piece of real estate is free and clear of incumbrance, when in fact it is subject to incumbrance, and induces another to take it upon the belief that his representations are true, there is an injury. Real estate is not worth so much when it is incumbered as it is when it is not incumbered. The party who buys real estate upon the belief that it is free and clear from incumbrance, finding afterwards that he has been cheated in that respect, is not bound to keep it. He may return it. It is also insisted that the records were sufficient to give notice to the purchaser of the judgment liens complained of. But the rule in regard to matters of this sort is that the purchaser has a right to rely upon the representations of the grantor, and is not bound to search the records to find whether they are true or not. The demurrer to this bill will be overruled, and the defendant will answer in 60 days.