CHARLES C. CURTIS v. W. W. STILSON, *et al.*

DEED, *Procured by Fraud; Petition States Basis of Recovery; Demurrer, Sustained; Error.* In an action to set aside a deed procured to be executed by fraudulent representations, the petition alleged that the representations were made as matters of positive knowledge as to the existence of valid tax deeds upon the property; that the title of the plaintiff was not good; and that the title of his grantors had been adjudged bad by the courts. These representations, being made by one who lived in the county where the land is situated, and who was trying to purchase of the plaintiff, who lived in another county, and who was deaf and dumb, and had no means of immediately learning all the facts by an examination of the record, taken in connection with the other averments, sufficiently state a basis of recovery as against a general demurrer filed to the petition.

### *Error from Shawnee District Court.*

ACTION by *Curtis* against *Stilson* and two others, to set aside certain deeds, etc. To plaintiff's petition the defendants filed a general demurrer, which the court sustained, July 21, 1885. This ruling plaintiff brings here for review. The facts appear in the opinion.

*A. H. Case,* and *Charles Curtis,* for plaintiff in error.

*Rossington, Smith & Dallas, W. P. Douthitt,* and *P. L. Soper,* for defendants in error.

Opinion by SIMPSON, C.: The error alleged in this case is the ruling of the court below sustaining a demurrer to the petition of the plaintiff in error. It is alleged in substance, that on the 12th day of December, 1882, the plaintiff in error was the absolute owner in fee simple of a tract of land consisting of five acres, more or less, in the city of North Topeka; that the defendants Stilson & Bartholomew, as partners, conspired with one Charles E. Jewell to cheat and defraud plaintiff of said land and his title thereto, and to acquire the same to their own use and benefit at a grossly inadequate and unjust price; that on the 12th day of December, 1882, at the

city of Lawrence, where the plaintiff resides, the defendant J. B. Bartholomew, in pursuance of said conspiracy to cheat and defraud plaintiff, did then and there falsely and fraudulently state to plaintiff that his title to said tract of land was wholly and absolutely invalid, and that before he had acquired any deed or supposed title to said land, his grantors had been barred and foreclosed of all or any title of any kind or character to said tract of land by good, regular and valid proceedings, orders, judgments and decrees in the probate and district courts of Shawnee county, Kansas; that good, regular and valid tax deeds for taxes amounting to more than three times the value of said tract of land had been made and issued in said county of Shawnee against said land; that the defendant Charles E. Jewell then owned said tract of land and had a good and valid title in fee-simple of the same, free and clear from any claim, lien or incumbrances; that the chain of title, standing of record, in the name of said plaintiff, was of no actual value, but simply looked bad upon the record and might interfere with the sale of the land; that Jewell could have the same removed in court at any time, at a cost of not more than thirty or thirty-five dollars, but rather than take that trouble, Jewell preferred to give plaintiff in error $50 for a deed to said tract of land; that all, each and every one of the statements and representations so made to said plaintiff by the defendant Bartholomew are false, and then known to said Bartholomew to be false in each and every particular; that the plaintiff in error is deaf and dumb, and unfamiliar with business and the ways of business men, and because of his infirmities he is compelled to rely on the representations of others in any business which he may transact; that at this time he was some distance from the records of Shawnee county and its courts, and had no access to them to examine the title of said tract of land; that he believed and relied upon the false and fraudulent statements and representations made by Bartholomew, and wholly and solely because he believed and relied upon the same, he did, under the direction and at the instance of said Bartholomew, then and there

make, execute and acknowledge a deed of said land to Charles E. Jewell, who delivered the same to Bartholomew, which was afterward recorded in the office of the register of deeds for Shawnee county, at page 594 of record of deeds, No. 83; that Bartholomew then and there paid the plaintiff the sum of fifty dollars for the said deed, falsely and fraudulently pretending that the same was furnished and paid by the defendant Jewell, when in truth and in fact it was furnished by the defendants Stilson & Bartholomew, and that they were the real parties in interest in the said transaction.

He further alleged that, on the 12th day of December, 1882, the said tract of land was of the value of more than eight thousand dollars, and that the deed so procured of him was of the value of more than eight thousand dollars; that on the 14th day of December, 1882, in pursuance of said conspiracy, Jewell deeded the said land to Stilson & Bartholomew, which deed is recorded at page 609 of volume 81, of the records of deeds of Shawnee county; that the plaintiff continued to believe and rely upon each and all of the said false and fraudulent statements and representations of Bartholomew, until within the year next preceding the commencement of this action, when he first discovered that said statements and representations were false and fraudulent; that sometime in May, 1884, he discovered that he had on the 12th day of December, 1882, a good fee-simple title to said tract of land, of the value of more than eight thousand dollars, and that the defendants well knew the same on the 12th day of December, 1882, and that no valid tax deed had then ever been issued, and the defendants well knew the same; that on the 11th day of November, 1884, he tendered to the defendant Stilson the sum of fifty dollars, with interest at the rate of seven per cent. per annum from the said 12th day of December, 1882, to the 11th day of November, 1884, and demanded of him the deed for said tract of land, and that Stilson then and there refused to accept the same and make such deed; and plaintiff brought the same into court to abide its order; and prayed that each of said deeds might be annulled, vacated and set aside, and

that Stilson be ordered to make to him a good, sufficient quit-claim deed for said tract of land, and that every person claiming by, through, from or under the defendants, be forever barred, etc.

The defendants demurred to the petition because it does not state facts sufficient to constitute a cause of action against the said defendants, or either of them.

The contention in favor of the ruling sustaining the demurrer is, that the statements of Bartholomew as to the title of Curtis, and as to that of Jewell, and as to the existence of the tax titles on the land, are misrepresentations as to matters of law, which are placed as much within the competency of Curtis to solve or procure others so to do, as within that of Bartholomew, Stilson, and Jewell; or, that these representations were upon a matter of opinion ; or, were upon matters of fact, equally open to the inquiries of both parties, and in regard to which neither can be presumed to trust the other.

Mr. Bartholomew went to Lawrence, some distance from North Topeka, and in another county, and made a positive statement to Curtis, an old, deaf, dumb and infirm man, who from his situation in life is compelled to rely to some extent on the statements of those with whom he deals, that his title to a tract of land that Bartholomew wanted to buy is not good ; that it is of no value; that the title of his grantors had been adjudged by the probate and district courts of Shawnee county invalid, and that they had been barred of right, title and interest in and to the land; that there were valid tax deeds issued upon said land, the taxes amounting to more than three times its value.　 By these statements he procured a deed, to be executed for a consideration of $50, when it is alleged that its true value was exceeding $8,000.　 These statements were not made as the expression of an opinion by Bartholomew, but were stated positively, and as a matter of knowledge. Bartholomew lived near the land, and at the place where these things asserted by him had an existence, if at all.　 The plaintiff in error did not live in the county, and had no immediate

20 — 38 KAS.

means of determining the truth or falsity of the statements. He believed them, and, influenced and induced by that belief, gave Bartholomew a deed for the land in consideration of fifty dollars. It is alleged that all these statements were false, and known to Bartholomew to be false, and made by him with intent to cheat, wrong and defraud Curtis. We think the petition sufficiently states a cause of action within the spirit of the decisions of this court, in *McKee v. Eaton*, 26 Kas. 227; *Claggett v. Crall*, 12 id. 393, and the authorities cited in those cases.

*Deed procured by fraud; petition states a cause of action.*

"Whoever positively and generally makes a false assertion, as an inducement for another to contract with him, and succeeds on that ground, is guilty of fraud which vacates the contract. It must be as represented, or it is fraudulent." (*Wickham v. Grant*, 28 Kas. 517.)

"A distinct statement of a fact by a seller, knowing it to be false, and with intent to deceive the buyer, and on which the buyer acts to his own injury, will sustain an action of deceit, even if the buyer might have discovered the fraud by searching the records." (*David v. Park*, 103 Mass. 501.)

"The falsity and fraud consists in representing that he knows the facts to be true, and this renders him liable to a party who relies and acts upon the statements as true." (*Litchfield v. Hutchinson*, 117 Mass. 195.)

The statements made by Bartholomew were of facts susceptible of knowledge, as distinguished from matters of mere belief or opinion, and they were calculated to have a material influence in deceiving the plaintiff in error, and in inducing him to part with his property. (*Safford v. Grout*, 120 Mass. 20.)

The allegations of the petition, construed with reference to the common meaning and natural import of the language used by Bartholomew, charge statements of fact, and not mere expressions of opinion or of belief. He told Curtis that Jewell was the owner, and had a good title. He stated positively the existence of tax deeds. He stated positively that Curtis had no title, and that the only effect of his deed would be to prevent a sale. He did not represent these things as being the opinions or belief of himself or of lawyers who had examined

them, but he asserted them as facts. We are not disposed to consider such questions in a narrow or technical sense, "for whenever it is shown to the court that wrong has been perpetrated, the rules of law will be found pliable enough to furnish a remedy."

It is recommended that the judgment be reversed, and the cause remanded.

By the Court: It is so ordered.

All the Justices concurring.