JOSEPH W. REYNOLDS *vs*. LESSER FRANKLIN.

June 22, 1888.

Deceit—Representation as to Land Title.—Evidence going to show false representations by defendant, made as of his own knowledge, respecting the title to real estate, to the plaintiff, who, being ignorant of the facts, purchased, relying upon the representations, *held* sufficient to justify a recovery for fraud.

Appeal by plaintiff from an order of the district court for Hennepin county, *Rea*, J., presiding, refusing a new trial.

*Russell & Reed*, for appellant.

*Forrest & Van Cleve*, for respondent.

DICKINSON, J.   This action being tried before a jury, the court dismissed it, upon motion, upon the case as presented by the plaintiff. Upon this appeal it is to be considered whether the plaintiff had made proof of facts sufficient to justify a recovery for fraud.   The evidence on the part of the plaintiff tended to show a state of facts which may be briefly stated as follows:   In the course of negotiations between these parties respecting the purchase of certain land by the plaintiff, the defendant stated that, while the legal title was in one Woodman, he (defendant) had an arrangement which enabled him to sell the land as his own; that he had examined the title and knew it to be absolutely perfect, and there was no question about it; that the plaintiff should rely upon that; that he would be responsible for the title; that there was no need of an abstract; and that a conveyance from Woodman would give a perfect title of record.   Knowing nothing about the property, but relying upon the defendant's statements, the plaintiff purchased the property from the defendant, accepting from him a deed of the same executed by Woodman, and paid the agreed price to the defendant.   Neither the defendant nor Woodman had any title to the land.   The title had been in Woodman, but he had conveyed it to another about a year before the time of these negotiations.   Such a case would have justified a recovery for fraud.   According to the most obvious import of

the testimony, the defendant's statements as to title were statements of a fact which he assumed to know, and of which the plaintiff was not otherwise informed. The court was not justified in treating this as the mere expression of an opinion. The court erred, too, in assuming that, even if the plaintiff relied and acted upon the false statement of the fact as to the title, he could not recover if he also acted upon the defendant's assurance that he would be responsible for the title.

Order reversed.