WILLIAM TRETHEWAY *vs.* NEHEMIAH HULETT.

Submitted on briefs Jan. 20, 1893.    Decided Feb. 24, 1893.

**Caveat Emptor—Representations as to Value.**

    The rule, *caveat emptor*, applied with respect to representations of the vendor of real estate as to its value.

**Representations as to Title.**

    A complaint alleging false and fraudulent representations of a vendor (defendant) as to his title *held* to state a cause of action in favor of the purchaser under a quitclaim deed.

Appeal by defendant, Nehemiah Hulett, from an order of the District Court of St. Louis County, *Stearns,* J., made June 11, 1892, overruling his demurrer to the complaint.

The complaint stated that on June 27, 1874, the plaintiff, William Tretheway, owned one hundred and thirty-seven acres of timber land in St. Louis county, and on that day sold and conveyed it by warranty deed to defendant for $200 in money and three lots on Minnesota Point.    That to induce plaintiff to make the exchange and take the lots, defendant stated that he had owned the lots a long time, and had a perfect title to them, and that they were worth $200. That plaintiff was ignorant as to the title and value of the lots, and relied on these statement, and was thereby induced to convey his land.    That on the same day defendant conveyed the three lots to plaintiff by quitclaim deed.    That the lots were then worth in fact only $5 each, and that defendant had only a void tax title to them.    That defendant knew he had no title to the lots, and that

they were worth no more than $5 each, and made the representations to deceive and defraud plaintiff and obtain his land. That plaintiff did not discover the facts constituting the fraud until 1892, and then elected to rescind, and executed a quitclaim deed to defendant of the three lots, and brings it into court for him. That defendant has cut and removed from the land timber of the value of $500. That plaintiff is ready and willing to repay to defendant the $200 and interest on it, and all taxes paid by him and interest thereon. Plaintiff demands judgment that defendant account for the value of the timber cut and removed, and that he reconvey the land, and that plaintiff have such other and further relief as shall seem to the court equitable, with costs. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant allowed to answer in twenty days. He appealed.

*Roger S. Powell,* for appellant.

Stripped of all verbiage, the complaint charges that the defendant, in response to an offer first made by plaintiff for the sale of certain land, offered to give plaintiff therefor $200, and a quitclaim deed of three lots which he had owned a long time, worth $200, and to which the title was good; that the plaintiff relied on these statements and made the trade; that the lots were not worth more than $15; and that defendant's title thereto was a tax title void on its face. The law will not help the purchaser who accepts the exaggerated or false statements of value made by the vendor or his agent. 1 Bigelow, Fraud, 491, 496; *Columbia Electric Co.* v. *Dixon,* 46 Minn. 463.

Distinction is made between misrepresentations of title and misrepresentations of fact affecting title. · The latter may constitute actionable fraud, the former never so, unless the party making the representation had no basis whatever for a claim of title. Wherever there is a basis for a claim of title, a naked representation as to its validity, though in form stated as a fact, is a matter of law pure and simple, and lies exclusively in opinion. 1 Story, Eq. J. § 191, (13th Ed.;) *Jasper* v. *Hamilton,* 3 Dana, 280; *Gordon* v. *Butler,* 105 U. S. 553.

v.52M.—29

The decision in *Carlton* v. *Hulett*, 49 Minn. 308, on the point of misrepresentation of title was made on the ground that the Carltons, by reason of their peculiar situation and their relations with defendant, were justified in believing and relying on defendant's statements and representations as to his title being perfect.

*J. W. Bull*, for respondent.

The lots are of the same kind that figured in the case of *Carlton* v. *Hulett*, 49 Minn. 308, and while there is no fiduciary relation alleged in this case, the actual statement of an untruth made to induce an act which would not have been done but for the untruth, and the reliance upon it, constitutes fraud in the absence of any confidential relation.

DICKINSON, J. This is an appeal from an order overruling a demurrer to the complaint. The question to be considered is whether the complaint shows a case of actionable fraud on the part of the defendant in the sale of three lots of land to the plaintiff for the consideration of $200, and which the defendant assumed to convey by quitclaim deed. The fraud alleged consisted in representations by the defendant that the lots were worth the sum of $200, and that he had a perfect title, whereas in fact the lots were not of a value exceeding $15, as the defendant knew, and he had no title whatever, which he also well knew. A rescission of the sale is sought.

The complaint is insufficient to show a right of action for the misrepresentation as to the value of the land. *Columbia Electric Co* v. *Dixon*, 46 Minn. 463, (49 N. W. Rep. 244.) It was not enough, to justify the plaintiff in relying upon the vendor's representation of value, that the plaintiff was unacquainted with the values of real estate and of this property, while the defendant was well acquainted with such values. There does not appear to have been any reason why the plaintiff could not, without difficulty, and even without inconvenience, have informed himself concerning the value of the land; and under ordinary circumstances the rule of *caveat emptor* prevails, as respects representations of the vendor as to the value of the property sold.

But for the fraudulent misrepresentation by the vendor as to his title, upon which the plaintiff relied, the complaint shows a right of action. *Kiefer* v. *Rogers*, 19 Minn. 32, (Gil. 14;) *Reynolds* v. *Franklin*, 39 Minn. 24, (38 N. W. Rep. 636;) *Carlton* v. *Hulett*, 49 Minn. 308, (51 N. W. Rep. 1053,) and cases cited. Hence the ruling of the court upon the demurrer was right.

Order affirmed.

(Opinion published 54 N. W. Rep. 486.)

