## WYRICK v. CAMPBELL.

No. 8141—Opinion Filed Jan. 8, 1918.

Rehearing Denied Feb. 5, 1918.

(170 Pac. 267.)

(Syllabus.)

**1. Vendor and Purchaser — Fraud — Value of Land—Expressions of Opinion.**

A purchaser of land cannot predicate fraud upon the statements made by the vendor which amount to mere expressions of opinion as to value, where the parties are on equal footing, have equal means of knowledge, and there is no relation of trust and confidence existing between them.

**2. Same— Misrepresentations.**

Where the purchaser undertakes to make investigations of his own, and the vendor does nothing to prevent his investigation from being as full as he chooses to make it, the purchaser cannot afterward allege that the vendor made misrepresentations which amount to no more than an opinion as to the value.

**3. Evidence — Reputation — Fraud.**

In an action for damages based on fraud in a contract for the exchange of real estate, it was error to permit evidence that the general reputation of the plaintiff for being a truthful and honest man was good.

Error from District Court, Major County; James B. Cullison, Judge.

Action by A. C. Campbell against D. J. Wyrick. Judgment for plaintiff, and defendant brings error. Reversed, and case remanded for a new trial.

Bond, Melton & Melton, for plaintiff in error.

John V. Roberts and S. A. Horton, for defendant in error.

OWEN, J. This is an action brought by the defendant in error in the district court of Major county against the plaintiff in error for damages based upon a contract of exchange of real estate between the parties.

The plaintiff below alleged a conveyance of certain land to the defendant in exchange for three tracts of land, and a promissory note secured by a mortgage on another tract; a value being placed upon each tract of land by the terms of the contract. It is further alleged that defendant falsely represented one 80-acre tract of land exchanged to be of the value of $2,000, when in truth and in fact it was of the value of about $800, and that he falsely represented the tract of land mortgaged to secure the payment of the note to be of the value of $3,800, when in truth and in fact it was of a value not to exceed $300.

Defendant objected to the introduction of evidence to sustain these allegations, and, at the conclusion of the evidence on the part of the plaintiff, demurred to the evidence offered. An exception was saved to the action of the court in overruling the demurrer. The point is urged here on proper assignment of error.

The evidence offered in support of these allegations proves no more than the expression of an opinion by the defendant as to the value of the two tracts of land. No evidence was offered as to any statement made by the defendant of any extrinsic facts affecting the value, such as character of improvements, number of acres in cultivation, character or quality of the soil, or other facts that materially affect the value of land.

Before the contract for exchange was consummated, Campbell went to Missouri to view the land offered by Wyrick. But, after viewing two of the tracts, declined to take the necessary time to view the 80 acres in question, although he was at that time within 3 or 4 miles of it. It appears from the testimony of Wheeler, Wyrick's agent, that he offered to convey Campbell to the 80-acre tract, but Campbell declined, saying he did not care to further examine the property offered.

In the case of Southern Dev. Co. v. Silva, 125 U. S. 259, 8 Sup. Ct. 887, 31 L. Ed. 683, the Supreme Court of the United States said:

"Where the purchaser undertakes to make investigations of his own, and the vendor does nothing to prevent his investigation from being as full as he chooses to make it, the purchaser cannot afterwards allege that the vendor made misrepresentations."

The general rule is that fraud cannot be predicated on representations as to value, for the reason that such representations are generally regarded as mere opinions, or seller's statements, and in law do not constitute fraud. This is true, though they may operate to defeat an action for specific performance. This rule is based on the fact that value is largely a matter of judgment and estimation about which reasonable and honest men may differ. Where the parties stand on an equal footing, have equal means of knowledge, and there is no relation of trust and confidence existing between them, fraud cannot be predicated on representations of value. Such representations rarely induce a man to enter into a contract without negligence on his part in not ascertaining from other sources as to whether such representations are true or false. The law does not deny its aid in such cases because it looks upon a want of candor and sincerity with indulgence, but because it will not encourage that indolence and inattention which are no less pernicious to the interests of society, and will not relieve those who suffer damage by reason of their own negligence or folly. Coley v. Dore, 56 Okla. 443, 156 Pac. 164; Hazlett v. Wilkin, 42 Okla. 20, 140 Pac. 410; 12 R. C. L. 44; Camp v. Camp, 2 Ala. 632, 36 Am. Dec. 423; Rockafellow v. Baker, 41 Pa. 319, 80 Am. Dec. 624; 20 Cyc. 51.

The allegations in the petition amounting to no more than a declaration of value, without any representation as to the elements of value, do not state a cause of action, and the testimony offered, being to the same effect, does not prove a cause of action. The court erred in overruling the demurrer.

The court below permitted evidence, over the objection of the defendant, to the effect that the general reputation of the plaintiff for being a truthful and honest man was good. The reputation of the plaintiff had not been put in issue. The law presumed his good reputation, and in the trial of a civil case the party may not offer evidence to prove his good reputation until it is put in issue by the other party. This was held to be reversible error in the case of Great Western Life Insurance Co. v. Sparks, 38

Okla. 395, 132 Pac. 1092, 49 L. R. A. (N. S.) 724, and to the same effect is the case of Hammett v. State, 42 Okla. 384, 141 Pac. 419, Ann. Cas. 1916D, 1148.

The judgment of the lower court is reversed, and the case remanded for a new trial.

All the Justices concur.