## THOMPSON v. NICKLE et al.

No. 12569—Opinion Filed May 20, 1924.

Refiled and Rehearing Denied Sept. 16, 1924.

Second Rehearing Denied Nov. 25, 1924.

### 1. Appeal and Error—Discretion of Lower Court—Grant of New Trial.

The granting of a new trial being so much within the discretion of the trial court, the Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial, but when the trial court manifestly and materially erred with respect to some pure, simple, and unmixed question of law, such order granting a new trial should be reversed.

### 2. Same—Reversible Error.

Where the trial court sustains a motion for a new trial, solely upon the grounds that the court omitted to give a certain instruction of its own motion, such instruction not being requested by either plaintiff or defendant, and upon examination of such omitted instruction, the giving of the same would not have been warranted by the evidence, held, the granting of a new trial upon such grounds is reversible error.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by L. N. Thompson against A. D. Nickle and another. Judgment for plaintiff. From an order granting defendants a new trial, plaintiff appeals. Reversed, with directions.

Langley & Langley, N. C. Berry, and Joe T. Dewberry, for plaintiff in error.

Henry L. Burris and Leahy & Brewster. for defendants in error.

Opinion by RUTH, C. This action was originally filed in the district court of Mayes county, Okla., by L. N. Thompson against A. D. Nickle and George Blevins, whereby the plaintiff sought to recover the difference in value of 400 acres of land described in a deed and the lands shown to the plaintiff by defendants as the lands of the defendants, which lands so shown and exhibited, the defendants proposed to convey to plaintiff. For convenience, the parties will be designated as they appeared in the court below.

Plaintiff in his petition alleges the defendants offered and proposed to sell plaintiff 400 acres of land in Mayes county, Okla., and took him upon the land; showed him the boundaries; and defendants represented they were the owners of the land so shown to plaintiff; that plaintiff agreed to purchase the land shown to him, and paid defendants $6,000, therefor, and upon obtaining a deed for 400 acres of land from defendants, plaintiff had the same surveyed and the "lines run" and found certain acreage shown to him by defendants was not included in the deed, but other acreage of inferior quality and value had been substituted for that shown him, and defendants did not own all the lands shown to plaintiff; that fraud and deception was practiced by the defendants to induce him to enter into the contract and pay the sum of $6,000, and he acted upon the representations of the defendants that they owned the land shown to him and would convey the same to him, and brings his action for the difference in value of a certain 80 acres, represented to be the defendants' lands, and by the defendants agreed to be conveyed to the plaintiff, and the 80 acres actually conveyed to plaintiff and embraced within the 400 acres conveyed.

Defendants in their answer admit selling plaintiff 400 acres of land, but deny they showed him the wrong 80; admit they showed him part of the land, but denied they showed him the whole tract, and further allege the 80 complained of as being transferred to the plaintiff is of greater value than the 80 claimed by the plaintiff to have been shown him by defendant, as their land, but not conveyed by the deed.

After reply filed the cause was tried to a jury and verdict returned for plaintiff. Defendants filed their motion for a new trial which was by the court sustained, and from the order of the court sustaining the motion for a new trial, plaintiff brings this cause regularly here for review.

An examination of the record discloses the court sustained the motion and granted a new trial solely upon the ground that the court should have given a certain instruction of its own motion, and the order granting the new trial is in the following words:

"Now on this 9th day of March, 1921, the above entitled matter comes on for hearing upon the motion of defendants for a new trial, plaintiff appearing by his attorneys, and defendant by their attorneys, and the court having heard the argument and having had the law submitted to him, finds that said motion should be sustained upon the sole and only grounds that the court failed to instruct the jury in substance that where the means of knowledge are at hand and equally available to both parties and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he had been deceived by the vendor's misrepresentations, and whether or not the plaintiff was on the land and had an opportunity to ascertain for himself as to the location of said land and whether or not he followed up such information, if any had by him, was a question for the jury to determine and whether or not concealment was made by the defendant as to the location of said land as the court thinks from the issues in the case, this was one of the things that should have been submitted to the jury. The court does not think that the issue joined in the pleadings as above outlined was submitted to the jury. Neither plaintiff nor defendant having requested any special instructions and the court having overlooked giving an instruction on the question herein mentioned and the court's attention not having been called to it until the motion for a new trial was discussed in this case, and the court further thinks that this is purely a matter in the discretion of the court whether or not upon this ground he should grant a new trial, and the court thinks that on account of the court's failure to give an instruction upon the points above set out that the defendant did not have a fair and impartial trial, this question not having been submitted to the jury.

"The original instructions were prepared by the court and after they were prepared counsel for plaintiff and defendants were in the court's chambers before the instructions were read to the jury and had an opportunity to and did read the instructions before they were submitted to the jury.

"It is therefore ordered by the court that the verdict of the jury be set aside and the judgment rendered thereon be set aside and the defendant be given a new trial and it is so ordered."

The only question presented to this court is, Did the court below err in sustaining the motion and granting a new trial for the reasons stated?

Appellate courts are very reluctant to reverse the order of the trial court granting either of the parties a new trial, unless there appears to be manifest error in the ruling of the court upon some unmixed question of law, or abuse of discretion, as a motion for a new trial is addressed to the sound legal discretion of the trial court, and where the trial judge, who presided at the trial of the case, sustains such motion, every presumption will be indulged that such ruling is correct. K. K. K. Medicine Co. v. Harrington, 83 Okla. 201, 201 Pac. 496; Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890; Hicks v. Alexander, 85 Okla. 96, 204 Pac. 923; Wagoner v. Coskey, 85 Okla. 168, 205 Pac. 137.

But, while indulging every presumption in favor of the correctness of the ruling of the trial court, it is equally well settled that when such ruling is violative of some well settled principle of law, and announced in well reasoned opinions of this court, the presumption of the correctness cannot be indulged.

The facts in this case, we feel, did not warrant the giving of the instruction suggested by the court, as being applicable to the facts, and omitted by the court, though not requested by the defendants.

The lands plaintiff alleges were shown him by defendants consisted of an irregular tract, having some 20 angles and embracing 10, 20, 40, 60, and 80 acre tracts in various sections and quarter sections, all lying contiguous and forming one tract. It appears from the evidence of the plaintiff that defendants went upon the land and described the boundaries thereof to plaintiff, and represented the 400 acres embraced a certain 80, and the deed did not convey the 80 exhibited, but another 80 was substituted therefor, and the substituted 80 was entirely embraced within a gorge 300 or 400 feet deep with steep sides, and rocky and worthless; and upon securing the deed, plaintiff had a survey made or "the lines run," and upon discovery of the substitution brought this action for the difference in value of the 80 exhibited and the 80 conveyed. Defendants admit the defendant Blevins went upon the land with plaintiff and pointed out certain marks as being the boundaries of portions of the land, and informed plaintiff that defendants did not know the exact lines of their land, and never had it surveyed "as they could not get

a surveyor who knew the lines." It further appeared from the evidence that no section line road was ever laid out through, or adjacent to, the land whereby plaintiff might obtain a definite idea of the boundaries thereof. There is no suggestion on the part of the defendants that they ever showed plaintiff this deep gorge, or that plaintiff ever saw the same or was taken to that portion of the 400 acres, and while the defendants testified they could not find a surveyor who could "run the lines" and locate the boundaries, plaintiff was able to secure such a surveyor immediately upon receipt of his deed. Defendants, after showing plaintiff part of the land, went to their office in town and drew certain lines on a plat which did not show the gorge, and plaintiff testifies that he relied entirely upon the representations of defendant and boundaries as described by defendant while both parties were upon the land.

To sustain the court below in granting a new trial, because of the court's failure to give instruction of its own motion, defendants rely upon the following cases: Wyrick v. Campbell, 67 Okla. 240, 170 Pac. 267; Nowka et al. v. West, 77 Okla. 24, 186 Pac. 220; O'Dell v. Story .(Neb.) 116 N. W. 269; U. S. v. Gerson, 13 Wall. 379.

The court carefully examined the cases cited and cannot agree with counsel that the same are in point, and an extended discussion of the facts in these cases would serve no good purpose. Wyrick v. Campbell (supra), involved an exchange of lands, and plaintiff went to Missouri to view the lands but did not view a certain tract lying eight or ten miles away, notwithstanding the offer was made to take plaintiff to this outlying tract, and the question was one of "value" solely and not "boundaries," and this court held:

"When the purchaser undertakes to make investigations of his own, and the vendor does nothing to prevent his investigation from being as full as he chooses to make it, the purchaser cannot afterward allege that the vendor made misrepresentations which amount to no more than an opinion as to the value."

Nowka v. West, supra, involved the value of the lands exchanged and the main point argued by plaintiff Nowka for a reversal was "that the judgment of the court was clearly against the weight of the evidence." It was disclosed that Nowka and his son went upon the land, and made inspection of the same, and this court in affirming the judgment of the lower court said:

"If, having eyes, he will not see matters directly before him, where no concealment

is made or attempted, he will not be entitled to favorable consideration when he complains that he has suffered from his own voluntary blindness and been misled by overconfidence in the statements of another."

We assume defendant in citing "U. S. v. Gerson, 13 Wallace 379" intended to refer to "Slaughter v. Gerson, 13 Wallace (U. S.) 379," involving fraud and misrepresentation of the draught of a certain steamboat. The vendor having represented it was of three feet draught when loaded and the evidence disclosed the fact that the vendee took two ship carpenters to New York and upon their survey and measurements it was found to draw four feet six inches unloaded at the dock, which fact was reported to the vendee before he concluded the purchase, and that court held:

"The purchase was thus made by the defendant with his eyes open. after every opportunity had been afforded him for the inspection of the vessel."

The facts in no case cited by defendants, or examined by this court, conform to the facts in the case under consideration. Here the plaintiff was satisfied as to the value of the land shown him by the defendants as being the lands intended to be conveyed, and the plaintiff was not in as good position to know the boundaries thereof as defendants, for defendants owned 400 acres in that vicinity, had the deeds therefor, and could have known the exact boundaries, and for the plaintiff to have ascertained the boundaries, it would have been necessary to have furnished him with defendants' deeds and required him to expend a considerable sum of money to "run the lines" before he consummated the deal, and it impresses us very forcibly that defendants could have had their lands located by a competent surveyor prior to the execution of the deed, as did the plaintiff immediately after the delivery of the deeds, notwithstanding the defendants informed plaintiff no one could be found who could "run the lines."

Had plaintiff been so furnished with the deeds, it would have been necessary for plaintiff to expend money to survey defendants' property without hope of reimbursement in the event the deal was not consummated, and plaintiff therefore was not in as good a position as the defendants, and had not an equal opportunity to know the boundaries of the land and might rely upon the representations of the defendants, and whether he did so or not, and whether the defendants conveyed the property pointed out to plaintiff, were pure and unmixed questions of fact for the jury. In Prescott et al. v. Brown, 30 Okla. 428, 120 Pac. 991, this court held:                ,

"A vendee has a right to act on the positive representation of existent material facts made by vendor, even though the means of knowledge were open to him. The real question in such matters is, 'Was the party in fact deceived by the false representations?' It is as much an actionable fraud willfully to deceive a credulous person with an improbable story as it is to deceive a cautious and sagacious person with a plausible one."

In Gannon et al. v. Hauseman, 42 Okla. 41, 140 Pac. 407, the court cites with approval Carpenter v. Wright, 52 Kan. 221, 34 Pac. 798, as follows:

"The contention that no recovery can be had because the incumbrance was a matter of record is not sound. A fraudulent representation by one who assumes to have personal knowledge to a purchaser of real estate that there is no incumbrance thereon, and upon which representation the purchaser relies and acts, to his injury, will sustain an action for the tort, although the purchaser might have discovered the fraud by searching the public records. McKee v. Eaton, 26 Kan. 226; Curtis v. Stilson, 38 Kan. 302, 16 Pac. 678; Matlack v. Shaffer, 51 Kan. 208, 32 Pac. 890, 37 Am. St. Rep. 270; David v. Park, 103 Mass. 501; Bristol v. Braidwood, 28 Mich. 195; Babcock v. Care, 61 Pa. 427, 100 Am. Dec. 654; Linn v. Green, 5 McCrary, 380, 17 Fed. 407."

And further the court says:

"By the decided weight of authority, where a positive representation is made by the vendor, mortgagor, or lessor of real or personal property, or by a third person, as to the title, incumbrances, boundaries, location. etc., with a view that it shall be relied upon, ordinary diligence does not require that the other party shall examine the records to test the truth of the representation, if no fact or circumstance is disclosed which is calculated to suggest a doubt as to the truth of the representation, and thus to put him on inquiry." (Backer v. Payne, 130 Ind. 288, 30 N. E. 21, 30 Am. St. Rep. 231; Lamm v. Port Deposit, etc., 49 Md. 233; 20 Cyc. 57, and note 44. See. also, Riley v. Bell, 120 Iowa, 618, 95 N. W. 170, and Reynolds v. Franklin, 39 Minn. 24, 38 N. W. 636, as instructive cases on this subject.)

"One who relies upon a material representation which is false is not precluded from recovering damages by reason of the fact that he had the opportunity to investigate for himself and did not do so."

Werline v. Aldred, 57 Okla. 391, 158 Pac. 893.

"A purchaser may rely upon representations of his vendor, where the property is at a distance or where for any reason the falsity of the representation is not readily

ascertainable." O'Quinn et al. v. Nothaff, 85 Okla. 215, 205 Pac. 498.

"A vendee in the exchange of real estate has a right to act on the positive representations of existent material facts made by a vendor, even though the means of knowledge were open to him. The real question in such matters is: 'Was the party in fact deceived by the false representations? It is as much an actionable fraud willfully to deceive a credulous person with an improbable story as it is to deceive a cautious and sagacious person with a plausible one." Kelly v. Robertson, 61 Okla. 85, 160 Pac. 46.

To the same effect is Byers v. Brisley et al., 81 Okla. 215, 198 Pac. 90 .

Defendants complained of certain instructions given by the court, but do not argue them in their brief and under the rules of this court, this ground of error will be considered abandoned with the observation that this court has examined the same and finds them more favorable to the defendants than to the plaintiff.

The instruction omitted by the court and assigned by the court, as its sole and only reason for granting a new trial, was not requested by the defendants and under the evidence in this case, and the decisions of this court, would not have been warranted.

In First National Bank of Mill Creek v. Langston, 32 Okla. 795, 124 Pac. 308, this court says:

"While the instructions are not as full and complete as might be desired, they are sufficient, besides, it does not appear that the plaintiff in error requested the court to instruct the jury on any given phase of the case, and it will not now be heard to complain on that ground."

To the same effect are Livingston v. Chicago, Rock Island & Pacific Railway Company, 41 Okla. 505, 139 Pac. 260; Huff v. Territory, 15 Okla. 376, 85 Pac. 241; Chicago, Rock Island & Pacific Railway Company v. Radford, 36 Okla. 657, 129 Pac. 834.

In Seay et al. v. Plunkett, 44 Okla. 794, 145 Pac. 496, it is said:

"A judgment will not be reversed for failure of the trial court to instruct upon any particular phase or issue, unless request is made at the trial for such instruction."

The omission to give the instruction set forth in the order of the court sustaining the motion to grant a new trial presenting an unmixed question of law, and the court having erred in so sustaining the motion for a new trial solely upon this ground, the judgment of the court below in granting such new trial should be reversed, and the cause remanded, with instructions to the

court below to vacate the order granting defendants a new trial.

---

### On Rehearing.

PER CURIAM. The opinion of the court, as written by the Commissioner, is hereby modified as follows: The judgment of the lower court, granting a new trial to the defendants in the court below, is hereby reversed and set aside, and the cause is remanded to the lower court with instructions that, consistent with the law as announced in this opinion, it shall reconsider and again determine the merits of the motion for new trial filed by the defendants in the court below.