VIKING REFRIGERATORS, Inc., v. McMEACHIN.

No. 19542. Opinion Filed Sept. 16, 1930.

B. B. Foster, for plaintiff in error.

Holliman & Bailey, for defendant in error.

FOSTER, C. This action was originally begun in the district court of Washington county by the plaintiff in error to replevin a certain low temperature display refrigerator display counter No. 4412, from the defendant, George McMeachin, alleged to have been sold under a written contract. The parties appear here as they did in the trial court.

The petition alleges that George McMeachin purchased from the plaintiff, through its agent, A. M. McCoy, the refrigerator counter above described, for the sum of $530, paying $230 in cash, and the remaining amount in installments of $25 a month. The contract is attached to plaintiff's petition and provides for the payments as above set out, with the proviso that, in case of default of any of the payments, the plaintiff shall have the right to take possession of the refrigerator counter. The contract also provides that the defendant shall pay the freight and installation expenses.

The petition further alleges that, pursuant to the terms of the contract, the refrigerator display counter was shipped to defendant, received by him, and installed in his place of business, and that two payments were made thereon; these payments falling due in January and February, 1927; that thereafter the defendant refused to make further payments, and this action is brought to recover possession thereof under the terms of the said contract in order that the plaintiff might sell the refrigerator and apply the proceeds upon the amount due plaintiff under the terms of said contract.

To this petition the defendant filed an answer and cross-petition. The answer, after setting up a general denial, admits that the defendant signed the contract attached to plaintiff's petition for the purchase of the low temperature display refrigerator display counter, and that he paid the sum of $230 in cash and two monthly payments, making a total of $280.

The defendant further alleges that after the delivery of the said display counter, the same was useless for the purposes of this defendant, for the reason that the wood used in the construction of the counter was not properly seasoned, which was unknown to the defendant, became loose in its joints, and the putty upon it became cracked around the connections where the glass fit into the woodwork. Defendant further alleged that these defects were not apparent or noticeable at the time of delivery, and could not have been observed by the exercise of due diligence; that he notified the plaintiff of these defects and requested that they be remedied, and that the plaintiff refused, and that by reason thereof the plaintiff is not entitled to recover anything from this defendant.

By way of cross-petition defendant alleges that he purchased this low temperature refrigerator counter on or about the 12th of February, 1926, through one A. M. McCoy, agent of the plaintiff, and that said agent represented to this defendant that said counter would maintain an average temperature of from 32 to 35 degrees Fahrenheit during the hottest months of the year, and that 170 pounds of ice daily would be sufficient during said months to maintain the said temperature; that said statements were false and fraudulent, all of which was known to plaintiff, but unknown to defendant, and that the defendant relied upon the same, but that, as a matter of fact, the display counter would only maintain a temperature of about 52 degrees, and that it would take about 250 pounds of ice daily. Defendant further makes allegations, concerning the construction of the display counter, similar to those in his answer.

Defendant further alleges that these representations were wrongfully made by plaintiff for the purpose of inducing him to sign the contract, and that he relied upon said false and fraudulent representations, and did sign the contract because of same, and paid to plaintiff the sum of $280 by reason of said false allegations. He further alleges that meats were placed in said ice box, and by reason of the fact that the same would not maintain the temperature as warranted to him, that they spoiled, and he was damaged in the sum of $650; that he paid out for ice during the months of July to October, 1926, the sum of $42 by reason of having to use 250 pounds instead of 170; that he expended the sum of $35.63 for freight and the installation of the display refrigerator, together with the sum of $280 paid, making a total damage of $1,007.63, for which he prays judgment.

To this answer and cross-petition, the plaintiff files a reply, which, in substance, generally denies all of the allegations contained therein.

On the petition of the plaintiff a writ of replevin was issued, and thereafter the defendant deposited a redelivery bond and held possession of the display counter.

At a trial before a jury, after the introduction of testimony and instructions of the court, the following verdict was returned:

"We, the jury, impaneled and sworn in the above-entitled cause, do upon our oaths, find for the defendant and fix the amount of his recovery for damages at $——. We find for the defendant, the Viking Refrigerators, Inc., to pay back to defendant the money he paid out, which was $315.63, and release the box to plaintiff. C. M. Mitchell, Foreman."

The testimony introduced at the trial was somewhat conflicting, but, in our opinion, was perhaps sufficient to sustain the material allegations of the answer and cross-petition of the defendant. The court rendered judgment in accordance with the verdict of the jury. Plaintiff filed a motion for judgment notwithstanding the verdict, and also a motion in arrest of judgment and for a new trial, which motions were overruled by the trial court, and this appeal is thereafterwards prosecuted.

It is contended by plaintiff that the oral testimony of the defendant, to the effect that it was represented to defendant that the low temperature display counter would maintain a temperature of from 32 to 35 degrees, and that it would only take 170 pounds of ice daily, was improperly admitted, and is not sufficient to constitute any defense to this action, for the reason that it tends to vary the terms of a written contract by parol testimony. This contention is based upon the propositions that plaintiff sold defendant a specific kind and make of display counter, and that there was no implied warranty on behalf of the plaintiff, and that the representations alleged to have been made were not contained in the written contract.

Plaintiff admits, however, that there are many cases in Oklahoma involving the question of the sale of farm and other machinery, which announced the rule, in effect, that there is an implied warranty that the machinery would accomplish the results for which it is sold, but contends that this low temperature display counter is in no sense a mechanical machine, and is not covered by these cases. With this contention we cannot agree. We are inclined to the view that if false and fraudulent representations were made by plaintiff, and that the defendant relied upon the same, and was induced thereby to sign the contract involved in this action, such false and fraudulent representation could be properly introduced in evidence, and would be a basis of a defense or counterclaim in favor of the defendant. In this we think we are supported by the following cases: Prescott v. Brown, 30 Okla. 428, 120 Pac. 991; Byers v. Brisley, 81 Okla. 215, 198 Pac. 90; Standard Sewing Mch. Co. v. New State Shirt & Overall Mfg. Co., 42 Okla. 554, 141 Pac. 1111; Thompson v. Nickle, 105 Okla. 181, 229 Pac. 202.

While these cases are not directly in point, we think they show that where positive misrepresentations had been made by a vendor, that the tendency of the courts is to relax the doctrine of caveat emptor, and to hold a vendor, who is guilty of false and fraudulent representations with intent to deceive, liable for any such positive misrepresentations that the purchaser relied upon in making the purchase.

The rule is well established in this state that, where a person has been induced by false and fraudulent representations to purchase or exchange property, he has three remedies: (1) He may upon discovery of the fraud rescind the contract and sue in an action at law and recover the consideration parted with upon a fraudulent contract, in which case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; (2) he may bring an action in equity to rescind the contract, and in such case it is sufficient for the plaintiff to restore, or offer to restore, everything of value which he has received under the contract; and (3) he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the false and fraudulent representations. Howe v. Martin, 23 Okla. 561, 102 Pac. 128; Wesley v. Diamond, 26 Okla. 170, 109 Pac. 524; Reger v. Henry, 48 Okla. 759, 150 Pac. 722; Holcombe & Hoke Mfg. Co. v. Jones, 102 Okla. 176, 228 Pac. 968.

We think this rule applicable to the facts in the case at bar. It is clear from the record in this case that the defendant never restored, or offered to restore, the property purchased, but, on the contrary, refused to restore the same, and went to the extent of depositing a redelivery bond when the property was replevined. In his petition he does not make offer to restore, but alleges and contends throughout the trial that the plaintiff has no right to the possession of the property. Under this situation his only relief would be under the third proposition set out in the remedies as established by the decisions of this court—that of retaining the property and bringing an action to recover the damages sustained by reason of

his reliance upon the false representations. We think this is clearly what the defendant did in his petition and by his evidence introduced at the trial. The jury's verdict, as above set out, is, in effect, a rescission of the contract. They do not award defendant any damages, but grant him a judgment for the amount of money paid out and decree that the plaintiff is entitled to the display counter. The defendant may affirm the contract and sue for damages, or he may rescind, but he cannot do both. Wesley v. Diamond, supra. In effect, the defendant in this case retained the property and sued for damages. The jury, in effect, rescinded the contract for him. If the defendant, under the rule established in this case, cannot ask for a rescission of the contract and at the same time retain the property and sue for damages, then we cannot see how the defendant could maintain in his petition and by his testimony that he was entitled to retain the property and secure damages and the jury grant him a rescission of the contract and a repayment of the money paid thereon. Certainly, if defendant cannot do both, he cannot ask for one and the jury grant the other.

We are, therefore, of the opinion that the verdict of the jury, and the judgment granted thereon, is not sustained by the pleadings and evidence in this case. However, we cannot agree with the plaintiff that it is entitled to directed verdict. We think the court should have sustained the motion of plaintiff for an arrest of the judgment and the motion for a new trial.

There are many other assignments of error concerning the introduction of testimony and the instructions of the court, but, as they may not arise upon a new trial, we do not think it necessary to discuss them here.

For the reasons herein given, the cause is reversed and remanded, with instructions to the trial court to grant plaintiff a new trial.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 37 L. R. A. 593; 24 R. C. L. p. 335; R. C. L. Perm. Supp. p. 5444. See "Fraud," 27 C. J. §128, p. 18, n. 33, 40. "Replevin," 34 Cyc. p. 1523, n. 97. "Sales," 35 Cyc. p. 603, n. 52; p. 607, n. 4.