### BURKE v. KING.

No. 25719. March 24, 1936.

Rehearing Denied April 28, 1936.

626

· Coffey, Seaton & Coffey, for plaintiff in error.

Newton & Pinson, for defendant in error

PER CURIAM. This is· an appeal from the district court of Wagoner county. The action was commenced by Emmett King, as plaintiff, against J. P. Burke and T. P. Luker, as defendants, for rescission of a sale and the cancellation of an assignment of an undivided one-sixteenth interest in certain oil and gas mining leases and other equitable relief. The parties will hereinafter be referred to as they appeared in the trial court.

Plaintiff in his petition alleges that prior to August 4, 1933, he was the owner of an undivided one-sixteenth interest in certain oil and gas mining leases on 240 acres of land in Wagoner county, Okla.; that on August 3, 1933, while working on an oil lease near Sapulpa, he was approached by the defendant, who was seeking to purchase oil and gas mining leases or royalties; that plaintiff offered to sell his one-sixteenth in the lands in controversy for $100 provided a well had not been drilled in on the lands covered by said leases; that the defendant, after receiving said offer, went away, and returned the following day for the purpose of buying said interest of the plaintiff; that plaintiff inquired whether the defendant had called or knew anything about the leases, and on the statement of the defendant that he had not, and relying thereon, plaintiff sold and assigned his interest in said leases to the defendant; that such statement on the part of the defendant was false at the time it was made and was known to be false, and was relied upon by the plaintiff, and that if plaintiff had known the untruthfulness thereof he would not have made the sale.

Plaintiff further alleged a tender of the purchase price which he had received from the defendant, and further alleged that the parties had each executed an assignment to C. M. G. Oil Company to the interest in said land, and that in consideration of said assignment 2,000 shares of stock in the aforesaid company had been issued and placed in the hands of the defendant T. P. Luker, as trustee, which stock was to be delivered to the party whom the court should determine was entitled thereto. And thereupon plaintiff's petition concluded with the prayer for rescission of the contract of sale cancellation of the assignment from the plaintiff to the defendant, and for other equitable relief. The defendant T. P. Luker's answer admits that he was trustee as stated in the plaintiff's petition and that he held the 2,000 shares of stock as therein recited and stood ready to deliver them to whomsoever the court should direct.

The defendant J. P. Burke, after a general denial, answered admitting the negotiation with the plaintiff August 3, 1933, and the purchase by him of the plaintiff's interest in the leases in controversy on August 4, 1933, and specifically denied the allegation of fraud and misrepresentation as charged by the plaintiff, and pleaded that while a well was drilled on the premises on August 5, 1933, the same was not completed as a producing well until the latter part of August, 1933, and that the premises were further explored and developed for oil and gas during the month of September, 1933, and that not until October 3, 1933, after the property had been fully proved as paying and producing property, did the plaintiff offer to rescind the contract and to restore the consideration which he had received for the assignment to the defendant, and that by reason thereof the plaintiff was guilty of laches and was estopped from asserting a rescission of the contract of sale and the cancellation of said assignment, and prayed that the plaintiff take nothing by his petition. The reply of the plaintiff was a general denial.

Upon the issues thus framed, trial was had in equity. At the conclusion of plaintiff's evidence the defendant interposed a demurrer thereto, which demurrer was overruled and exceptions saved. Defendant thereupon introduced evidence to controvert the allegations of plaintiff's petition and in support of his answer. Upon the conclusion of the whole matter the court entered a decree in favor of the plaintiff. A motion for new trial was filed and overruled. The defendant J. P. Burke alone appeals to this court

While the defendant assigns three specifications of error, as we view the record the only question presented is the action of the trial court in overruling defendant's demurrer to plaintiff's evidence. Under these circumstances we will treat as withdrawn all of the evidence favorable to the demurrant. Forry v. Brophy, 116 Okla. 99, 243 P. 506.

The evidence on behalf of plaintiff briefly disclosed the following situation: Plaintiff had lived some 30 years in the vicinity of the property in controversy; his occupation was that of an oil driller and he had been so engaged for about 20 years. He first met the defendant on August 3, 1933, at which time the plaintiff was working on an oil well some twelve miles from Sapulpa.; that the defendant inquired whether the plaintiff knew of any leases or royalties for sale: that plaintiff first replied that he did not and then upon reflection advised the defendant that he owned a one-sixteenth interest in the leases in controversy and that there was a well being drilled thereon; that the defendant asked the plaintiff for a price on said property and was informed by plaintiff that the interest was worth $100 if the well had not been drilled in, and that the defendant then inquired whether plaintiff would sell for said sum, and was advised that he would; that the defendant thereupon stated that he would take the matter up with his company and be back the next day; that plaintiff never expected the defendant to return and gave the matter no more thought. but, however, the defendant returned the next day and advised the plaintiff that he had come to purchase plaintiff's interest in said leases; that thereupon the plaintiff asked the defendant whether he had called Coweta or knew anything about the lease. and was informed by the defendant that he had not. and that thereupon the plaintiff sold the property to the defendant accepting half of the purchase price in cash and executing an order on certain parties to make an assignment to the defendant on payment of the balance of the purchase price; that the defendant took the order as directed. paid over the balance of the purchase price in accordance with the agreement, procured the assignment and had the same recorded. The evidence further shows that the well had been drilled into the sand some 13 feet on or about the 1st or 2nd of August; that the defendant was around the premises about the afternoon of August 2d and knew or could have known that the well was supposed to be, or gave promise of being, a producing property and that the statement of the defendant to the effect that he knew nothing about the lease and had not called Coweta was not strictly true. The evidence further shows that, while the well was drilled into the sand on August 2, 1933, it was not completed as a producing well until some two or three weeks later. The evidence further shows that the plaintiff returned to Coweta the afternoon of August 5, 1933. learned of the developments which had taken place on the leases and prepared a notice wherein he claimed that he had been overreached and the assignment procured by fraud and misrepresentation, which notice was filed in the office of the county clerk of Wagoner county, August 7, 1933; that nothing further was done with reference to the matter until the following October. Plaintiff's evidence further shows that, while the well at the time the defendant was around the premises gave every evidence of being a successful venture. it still. was speculative and was considered by some of the parties to be in the nature of a freak, and that it was not until some weeks later that the property was proved.

Was this evidence sufficient proof of fraud or misrepresentation on which to base an action for rescission of contract and cancellation of the assignment? As we have said in Miller v. Wissert, 38 Okla. 808, 134 P. 62:

"If with intent to deceive, either party to a contract of sale conceals or suppresses a material fact, which he is in good faith bound to disclose, this is evidence of an equivalent to a false representation, because the concealment or suppression is in effect a representation that what is disclosed is the whole truth. The gist of the action is fraudulently producing a false impression upon the mind of the other party, and, if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff."

As observed from the evidence, there was no confidential relation between the plaintiff and defendant. They were strangers and were dealing at arm's length. The plaintiff was a man of long experience in the drilling of oil wells and was acquainted with the rapidly fluctuating character of the property which he was selling. He knew that there was a well drilling on the premises and so informed the defendant, and while he advised that the price which he quoted was the value of the property if the well had not

been drilled in, he did not limit his offer upon this condition, but upon further inquiry advised the defendant he would be willing to accept the sum of $100 for his interest. When the defendant returned to complete the purchase, while plaintiff made inquiry of the defendant as to whether he had called up or knew anything about the leases, it appears to us that this inquiry had for its purpose, if anything, the question of the value of the property at the time, and as such, in our opinion, was insufficient upon which to predicate a claim of fraud or misrepresentation. It does not appear that the answer of the defendant was made for the purpose of inducing the plaintiff to make the sale nor to prevent him from making any inquiry that he might see fit, but appears rather to have been more in the nature of trader's conversation than anything else. This view is strengthened by the remark of the plaintiff to the effect that if the defendant was buying blind, he was selling likewise, with a mental reservation on the part of each that he was a smarter trader than the other. In reaching this conclusion we are not unaware of the holdings of this court in the cases of Prescott v. Brown, 30 Okla. 428, 120 P. 991; Chisum v. Huggins, 55 Okla. 423, 154 P. 1146; Rogers v. Brummet, 92 Okla. 216, 220 P. 362, and Viking Refrig. Inc., v. McMeachin, 145 Okla. 76, 291 P. 521, wherein the rule of caveat emptor has been limited and restricted, but we believe that the facts in this case will not bring it even within the broad provisions of the above-cited cases, but that rather it comes within the rule announced in Wyrick v. Campbell, 67 Okla. 240, 170 P. 267, wherein we said:

"The general rule is that fraud cannot be predicated on representations as to value, for the reason that such representations are generally regarded as mere opinions, or seller's statement, and in law do not constitute fraud. This is true, though they may operate to defeat an action for specific performance. This rule is based on the fact that value is largely a matter of judgment and estimation about which reasonable and honest men may differ. Where the parties stand on an equal footing, have equal means of knowledge, and there is no relation of trust and confidence existing between them, fraud cannot be predicated on representations of value. Such representations rarely induce a man to enter into a contract without negligence on his part in not ascertaining from other sources as to whether such representations are true or false. The law does not deny its aid in such cases because it looks upon a want of candor and sincerity with indulgence, but because it will not encourage that indolence and inattention which are no less pernicious to the interest of society, and will not relieve those who suffer damage by reason of their own negligence or folly. Coley v. Dore, 56 Okla. 443, 156 P. 164; Hazlett v. Wilkin, 42 Okla. 20, 140 P. 410, 12 R. C. L. 44; Camp v. Camp, 2 Ala. 632, 36 Am. Dec. 423; Rockafellow v. Baker, 41 Pa. 319, 80 Am. Dec. 624; 20 Cyc. 51."

See, also, Steiner v. Hughes, 172 Okla. 268, 44 P. (2d) 857.

As we have said in Stafford v. McDougal, 171 Okla. 106, 42 P. (2d) 520:

"Canceling an executed contract is an exertion of the most extraordinary power of a court of equity. The power ought not to be exercised, except in a clear case, and never for an alleged fraud, unless the fraud be made clearly to appear; never for alleged false representations, unless their falsity is certainly proved, and unless the complainant has been deceived and injured by them.

"Fraud is a fact to be established by evidence, as any other fact. The general rule is that before fraud can be established it must be shown that a material representation has been made; that it was false; that when it was made the speaker knew it was untrue; or that it was made recklessly, without the knowledge of its truth and as a positive assertion; that it was made with the intention that it should be acted upon by the one to whom it was made; that it was so acted upon by reason of the reliance placed upon it; and that damage or injury resulted thereby.

"Fraud is never presumed, but it must be affirmatively alleged and proven by the party who relies on it, and cannot be inferred from facts which may be consistent with honesty of purpose."

Applying the rule announced in the above cases to the facts presented here, we are of the opinion that the statements made by the defendant on matters of fact were insufficient upon which to predicate a charge of fraud or misrepresentation inducing the plaintiff to act and upon which he was entitled to rely, and that therefore defendant's demurrer to the evidence of the plaintiff should have been sustained.

Since this is an action in equity and the judgment of the trial court is against the weight of the evidence, it is the duty of this court to render or cause to be rendered such judgment as should have been rendered. City of Tulsa v. Purdy, 73 Okla. 98, 174 P. 759; Hivick v. Turben, 77 Okla. 230, 187 P. 1094.

The cause will therefore be reversed, with directions to sustain the demurrer to the

evidence and to enter a judgment in favor of the defendant.

Reversed and remanded, with directions.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.