WASHINGTON v. COLVIN *et ux.*

No. 5824. Opinion Filed December 14, 1915.

Rehearing Denied February 29, 1916.

(155 Pac. 251.)

1. PRINCIPAL AND AGENT—Acts of Agent—Ratification—Acceptance of Benefits. One who voluntarily accepts the proceeds of an act done by his agent, though said agent acted without authority or knowledge of the principal, ratifies the act and takes it as his own, with all its burdens, as well as its benefits.

2. FRAUDS, STATUTE OF—Exchange of Land—Contract by Agent—Ratification by Principal. Where an agent, not authorized in writing so to do, enters into a contract for the exchange of land, and such exchange is afterwards ratified by his principal, by his principal executing a deed to the lands contracted to be conveyed, such contract is not in violation of subsection 5 of section 941, Rev. Laws 1910.

3. CANCELLATION OF INSTRUMENTS—Pleading—Offer to Do Equity—Fraud. In a suit in equity to cancel and annul a deed, on the ground of fraud, it is not necessary to formally allege in the petition therefor an offer to do equity.

4. SUFFICIENCY OF EVIDENCE. Upon consideration of the whole record and a careful reading of the evidence, we find the judgment of the court is sustained by the weight of the evidence.

(Syllabus by Collier, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Susan Washington against E. A. Colvin and wife. Judgment for defendants, and plaintiff brings error. Affirmed.

*Cornelius J. Jones*, for plaintiff in error.

*De Roos Bailey, J. E. Wyand*, and *C. A. Moon*, for defendants in error.

Opinion by COLLIER, C. This action was brought by Susan Washington, hereinafter called "plaintiff," against E. A. Colvin and wife, hereinafter designated "defendants," to rescind a transaction entered into by said parties for the exchange of real estate; the title to the real estate of plaintiff being at the time in trustees. The evidence shows that a written contract was entered into by said parties for the exchange of certain lands, in which transaction defendants were represented by an agent; that by said contract plaintiff was to assume the payment of a mortgage in the sum of $300, which was upon the city property to be deeded to her trustees by defendants, "to be paid to said agent of defendants within three years from the 3d day of March, 1912, in installments of $8 per month"; that on May 23, 1913, J. C. Long, assignee of said agent, foreclosed said mortgage, and title and possession to said lands were lost to plaintiff. It is shown by the pleadings that the parties deeded to each other the lands as agreed; that defendants went into possession of the property deeded by plaintiff's trustees to them; that at the time this action was brought defendants were in possession of and claiming said property by virtue of said deed executed to them by plaintiff's trustees, in accordance with said contract. There is no allegation or proof in the case that said agent was authorized in writing to act as the agent of defendants in making said deal. It further ap-

pears from a decree introduced in evidence that, after the execution of said deed by defendants to plaintiff's trustees, said trustees were relieved as trustees, and the property deeded to them as trustees was decreed to belong to and vest in said plaintiff. Defendants filed an answer and cross-petition, in which they admit that the agent making the deal was their agent, and deny that said agent had authority to make the representations as to the time and manner of payment of said mortgage to be paid by plaintiff, alleged to have been made, and aver that they had no knowledge of such representations, and that plaintiff had filed of record a *caveat,* which was a cloud upon their title to the lands in controversy, and prayed that same be canceled, and they introduced evidence fully supporting the allegations of their said cross-action. To said cross-petition, plaintiff filed an answer. Defendants demurred to the evidence of plaintiff in the case in chief, which demurrer was sustained and judgment rendered for defendants, which was duly excepted to. The court also rendered judgment for the defendants on their cross-action, awarding the relief prayed; to which plaintiff excepted. Motion was filed for new trial, which was overruled and exceptions saved. To reverse the judgments rendered, this appeal in prosecuted.

While it is true that the agent was not authorized in writing to make the transaction made between the parties, there is no question but that defendants ratified his action by accepting the benefits thereof, and must bear its burdens, if any. Defendants armed their agent by appointing him as their agent to make the deal; and whether or not they authorized, or had knowledge of, the misrepresentations averred to have been made by such agent as to maturity and manner of payment of the mortgage assumed

to be paid by plaintiff, is entirely immaterial, as defendants accepted the benefits of the deal made by their agent.

It is a rule of general application that:

"He who would avail himself of the advantages arising from the act of another in his behalf must also assume the responsibilities. If the principal has knowingly appropriated and enjoyed the fruit and benefits of an agent's act, he will not afterwards be heard to say that the act was unauthorized. One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent, ratifies the act, and takes it as his own with all its burdens, as well as all its benefits. He may not take the benefits and reject the burdens, but he must either accept them or reject them as a whole." (Mechem on Agency, sec. 148.)

See, also, *United States Fidelity & Guaranty Co. v. Shirk et al.*, 20 Okla. 576, 95 Pac. 218.

To entitle one to a rescission upon the ground of fraud, the party seeking the rescission must, by clear and convincing evidence, establish the fact that the fraud charged has been perpetrated. This the plaintiff in the instant case has failed to do. The only fraud charged by plaintiff is that said agent made fraudulent representations as to the time of maturity of the mortgage and the time in which it was to be paid. The mortgage in question was not put in evidence, and a careful examination of the contract of sale fails to disclose the date of maturity of the mortgage and the conditions thereof. Consequently, we are unable to say from the evidence that defendants' agent misrepresented the date of maturity of the mortgage. Regardless of the time that the mortgage assumed was to become due, it was not incompetent for said agent who owned the mortgage to agree that the terms of payment of the mortgage be three years, payable in installments of

Washington v. Colvin et ux.

$8 per month; and we think that a proper construction of this feature of the contract was that the time of maturity of the mortgage was to be three years, provided plaintiff paid each month thereon the sum of $8. The stipulation as to the payment of said mortgage contracted in said contract, notwithstanding said mortgage was foreclosed about 15 months after the payment thereof was assumed, may have been made in the utmost good faith, and hence not an agreement or misrepresentation of the agent of defendants upon which to predicate a rescission. The decree of foreclosure was rendered more than one year after said contract was entered into, and it shows that not one of the monthly installments, stipulated to be paid by plaintiff, was paid; and it is a reasonable presumption to be drawn from this evidence that such failure to pay said monthly installments brought about said foreclosure and the resultant loss sustained by plaintiff. In short, that the laches of plaintiff, and not the fraud of defendants' agent, was the active factor that resulted in the loss of the property to plaintiff.

It is earnestly argued in the brief of defendants that the failure of plaintiff to offer in her petition to do equity is fatal to her right to prevail in this action. To this contention we cannot agree.

In *Stevens v. Elliott et al.*, 30 Okla. 41, 118 Pac. 407, Sharp, C., speaking for this court, holds adversely to this contention of defendants, and quotes with approval the case of *Knappen v. Freeman*, 47 Minn. 491, 50 N. W. 533, in which it is said:

"It was one of the rules of pleading in courts of equity, in suits where the court might impose conditions on the plaintiff, or give the defendant affirmative relief, as in suits for specific performance, cancellation of instruments,

rescission of contracts, or for accounting, that the plaintiff in his bill should offer to do whatever the court might deem equitable. This was upon the maxim that he who seeks equity must do equity. But, although at one time a bill was demurrable if it omitted this offer, the requirement was in its nature formal. The offer was not one of the facts constituting the cause of action, any more than was the prayer for process. It may be doubted that the rule referred to still exists in courts where equity forms of pleading are retained. *Columbia Govt. v. Rothschild,* 1 Sim. 94; *Wells v. Strange,* 5 Ga. 22. These were suits for accounting. *Jarvis v. Berridge,* L. R. 8 Ch. App. 351, was a suit for cancellation or rescission, and the offer in the bill was held not necessary. However it may be where equity forms of pleading are retained, it cannot be so under the Code system, which requires a complaint to contain only a statement of the facts constituting the cause of action, and the prayer for relief. See *Coolbaugh v. Roemer,* 32 Minn. 445, 21 N. W. 472. The willingness of the party to perform those terms which the court may think it right to impose as the price of any relief is sufficiently shown by his submitting his cause to the court, which has the power to impose the proper terms."

We think the rulings in *Stevens v. Elliott, supra,* and in *Knappen v. Freeman, supra,* in harmony with section 4737, Rev. Laws 1910, which provides that:

"The petition must contain a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

This being a case of purely equitable cognizance, we have examined all the evidence, and agree with the court that plaintiff utterly failed to establish the fraud alleged. Consequently, the court did not err in sustaining the demurrer of defendants to plaintiff's evidence, and the judgment rendered in the original action did not result in a

miscarriage of justice. *Success Realty Co. v. Trowbridge,* 50 Okla. 402, 150 Pac. 898.

With the judgment rendered for defendants in the original action, it necessarily follows that the judgment in the cross-action, cancelling the *caveat* filed of record by plaintiff in regard to the lands in controversy, was free from error.

The case should be affirmed.

By the Court: It is so ordered.