**HIVICK v. TURBEN et al.**

No. 10022—Opinion Filed Feb. 24, 1920.

(Syllabus by the Court.)

**Oil and Gas—Priority of Leases—Judgment —Evidence.**

Record examined, and held, that the judgment rendered by the trial court is not contrary to the clear weight of the evidence.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by L. C. Hivick against I. E. Turben and A. R. Jones. Judgment for defendants, and plaintiff brings error. Affirmed.

Geo. B. Rittenhouse and P. T. McVay, for plaintiff in error.

Chas. Mitschrich, for defendants in error.

KANE, J. This was an action, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of quieting his title

‚o and in certain real estate alleged to be held by him as the assignee of a certain oil and gas lease. Upon trial to the court there was judgment for the defendants for costs, to reverse which this proceeding in error was commenced.

It seems that the defendant in error Turben was the owner of an oil and gas lease covering a certain tract of land situated in Cotton county; that on the 22nd day of March, 1916. Turben assigned 40 acres of this leasehold to the plaintiff in error, Hivick, who failed to record said assignment for more than a year thereafter; that on the 11th day of September, 1916, Turben assigned his leasehold interest in the same 40-acre tract to the defendant in error Jones, who recorded the same in due time. About the 29th day of March, 1917, a large gas well was brought in on another tract of land situated in the same township, and on the 9th day of October, 1917, Hivick commenced this action for the purpose of quieting his title in said oil and gas lease and to perpetually bar and enjoin the defendant Jones from asserting or exercising any right, title, or interest in the oil and gas lease or to said premises adverse to Hivick.

The only question of fact tried below was whether Jones, the defendant in error, had notice of the previous assignment of the oil and gas lease upon the land in controversy to the plaintiff in error, Hivick, at the time he took his assignment.

The trial court, after hearing the evidence, resolved this question of fact in favor of the defendants, and the only ground for reversal presented for review is the insufficiency of the evidence to support the judgment and finding of the trial court. The parties agree that, the case being one of purely equitable cognizance, it is the duty of this court to review the entire record, and if it appears that the judgment is against the clear weight of the evidence, to reverse the judgment and render or cause to be rendered the judgment the trial court should have rendered. So the sole question for decision is, was the judgment rendered by the trial court against the clear weight of the evidence? As the parties agree upon the applicable principles of law, it is sufficient to say that after a careful examination of the record and the briefs of counsel for the respective parties, we are convinced that this question must be answered in the negative.

For the reasons stated, the judgment of the court below is affirmed.

RAINEY, V. C. J., and PITCHFORD. JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.