## FIRST NAT. BANK of MUSKOGEE v. CLARK.

No. 14277—Opinion Filed Oct. 16, 1923.

**1. Principal and Agent—Agency—Ratification—Acceptance of Benefits.**

Although a party may not have directly authorized an act which was performed, yet, where such party accepts the benefits of the act, it amounts to a ratification, and the party so ratifying the action taken accepts the burdens along with the benefits to be derived.

**2. Same—Knowledge of Principal.**

It is not essential to a ratification that the principal have full knowledge of the conditions attached to the agreement made by one acting as agent without authority, but where the benefits of the unauthorized act are accepted without knowledge, and are retained after having knowledge, or, after the happening of such events as would place a reasonably prudent person on inquiry which would discover full knowledge, ratification is accomplished and the principal is bound.

**3. Trial—Jury Trial—Directed Verdict.**

A trial judge is not authorized to direct a verdict against a party to the litigation, if there is any evidence in the case reasonably tending to support the issues tendered by such party.

**4. Affirmance of Judgment.**

Record examined in this case, and it is held, that the trial court did not err in submitting the cause to the jury; and there being no substantial error in the record prejudicial to plaintiff, the verdict and judgment for the defendant will not be disturbed on appeal.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action brought by the First National Bank of Muskogee, a corporation, against W. B. Clark. Judgment for the defendant. Plaintiff brings error. Affirmed.

Ezra Brainerd, Jr., and Charles P. Gotwals, for plaintiff in error.

R. M. Mountcastle and Q. B. Boydstun, for defendant in error.

Opinion by SHACKELFORD, C. The parties will be referred to as they appeared in the court below. This action was filed in the district court of Muskogee county by the First National Bank of Muskogee, as plaintiff, against the defendant, W. B. Clark, seeking to recover upon two promissory notes dated July 2, 1920, the first for $600 due November 1, 1920, and the second for $495 due January 1, 1921, both made payable to the Mills Motor Company and bearing interest at 10 per cent. per annum from date.

The petition is a declaration upon the said two notes, in which it is alleged that the said two notes were transferred before maturity for a valuable consideration to the plaintiff, and the plaintiff is the holder and owner of said notes. In response to a motion to make more definite and certain an amended petition was filed alleging that the notes were transferred to the plaintiff on the 3rd day of July, 1920. The indorsement upon the notes appears to be not dated, and is as follows: "Pay to the Order of The First National Bank of Muskogee, Okla. Mills Motor Company, Inc. By C. B. Mills."

On the 28th day of May, 1921, the defendant, W. B. Clark, filed his answer to the amended petition, in effect admitting the execution of the notes as and for an unpaid balance on the purchase price of an automobile for which he had agreed to pay the sum of $1,895, and on which he had paid the sum of $800 in cash, and alleging that he had executed a chattel mortgage on the car to secure said notes; and denying that there had ever been any transfer of the said notes to the bank or that the bank had paid any consideration therefor. That his transaction was had with Claud Mills, manager of the Mills Motor Company, a corporation; that on or about the 2nd day of December, 1920, in response to a letter written by Claud Mills for settlement upon the notes, he turned over the car to Mills in full satisfaction of the notes, Mills advising him that the motor company was still the holder and owner of the notes but that they were at the bank and would be mailed to him within a few days, when secured, and that the car was still retained by the motor company,

and having made full settlement by delivery of the car prayed that plaintiff take nothing by reason of the petition, and that he have his costs. In an amended answer he further alleged that Claud Mills was the agent of the First National Bank, plaintiff, and that as such agent Mills took over and kept the car for plaintiff in full satisfaction of the notes which the bank was holding as collateral security for indebtedness owing by the motor company, and that the bank was bound by his agreement and acts in taking over the car.

A verified denial by way of reply was filed by the plaintiff.

The case was tried to a jury on the 25th of October, 1921, and a verdict returned for the defendant, and judgment entered thereon, and plaintiff appeals.

The plaintiff sets out in its brief 13 assignments of error, but contents itself with arguing one proposition only, which is to the effect that the court committed error in refusing to direct a verdict for the plaintiff.

The notes were offered in evidence upon the trial of the case together with the testimony of an official of the bank that the notes were bought from the Mills Motor Company for value on the 3rd day of July, 1920.

The evidence on the part of the defendant tended to prove that he made a deal for an automobile with the Mills Motor Company on the 2nd day of July, 1920, paid $800 in cash and executed the notes sued on as and for the balance of the unpaid purchase money, together with a conditional sale contract; and that sometime in December, 1920, he had further negotiations with the Mills Motor Company through Claud Mills, who appeared to be general manager, which resulted in Mills taking over the car with the understanding that defendant should lose his cash payment of $800 and that he be released from the obligation created by the notes, and further tended to show that at the time the car was turned over plaintiff knew about it, and the possession by the Mills Motor Company was considered as the possession of the plaintiff, and the plaintiff so treating such possession advertised the car for sale. The testimony of the cashier of the bank, plaintiff, was to the effect that when the car was delivered at the Mills Motor Company's place of business that it amounted to a delivery to the bank, and it was treated and considered as in the possession of the bank, and the bank and the Mills Motor Company exercised control and dominion over it. That at the time the bank got the notes sued on, its officers knew that

some other instrument besides the notes had been executed between the defendant and the Mills Motor Company at the time the car was bought, and the bank made a notation upon the notes, "C. M." meaning chattel mortgage. There seems to have been an entire lack of proof that Mills or the Mills Motor Company had been authorized by the bank to make any kind of a deal with the defendant about the car and the notes, but that since the car had come into the possession of the plaintiff through the Mills Motor Company, such possession had been retained by the plaintiff, and the car was still at the Mills Motor Company's place of business at the time the suit was brought. The car had never been tendered back to the defendant at any time.

The proof tended strongly to show, and the jury were perhaps warranted in believing that the possession of the car was being purposely kept from the defendant in addition to retaining defendant's $800 cash, and in addition to that, seeking to make defendant pay the notes.

So, in any event, the question arose as to whether or not the plaintiff had ratified the transaction between Mills, or the Mills Motor Company, and the defendant, by which the car was left with the Mills Motor Company. Even if the plaintiff had not authorized the transaction, still it could ratify it and become bound thereby, by accepting the benefits of such transaction.

We think there was enough in the testimony to make it a question of fact for the jury about whether the plaintiff had ratified the transaction which the proof tended to show had been had between the defendant and Mills with reference to surrendering the car, and that the learned trial judge did not err in refusing to take the case from the jury.

In J. I. Case Threshing Mach. Co. v. Lyons & Co., 40 Okla. 356, 138 Pac. 167, this court held:

"One who voluntarily accepts the profits of an act done by one assuming, although without authority, to be his agent, ratifies his act, and takes it as his own, with all its burdens, as well as its benefits."

It was contended by the plaintiff that its officers knew nothing about the terms and conditions under which the car was taken over from the defendant. But this lack of knowledge could not help the plaintiff since it was manifest that it intended to retain the car and did retain it, and had it at the time of the trial. The plaintiff was bound by all that reasonable inquiry would have disclosed.

In Amazon Fire Ins. Co. v. Bond, 65 Okla. 224, 165 Pac. 414, this court, passing upon a like contention, said:

"The lack of full knowledge does not protect a principal who is wilfully ignorant and deliberately chooses to act without such knowledge, as where, knowing that he is ignorant of some of the facts, he has such confidence in his agent that he is willing to assume the risk and to ratify the act without making inquiry for further information than he at the time possessed, or where he intentionally and deliberately ratifies without full knowledge under circumstances which are sufficient to put a reasonable man upon inquiry, and the principal cannot ratify that part which is beneficial to himself and reject the remainder, for with the benefits he must take the burden, and if the circumstances are sufficient to put a man of reasonable prudence upon inquiry, the principal should make every reasonable effort to discover whether another has assumed to act in his behalf."

In the case last referred to, the court quoted approvingly from Minneapolis Threshing Mach. Co. v. Humphrey, 27 Okla. 697, 117 Pac. 203, where it is said:

"As the question of ratification or confirmation was submitted to the jury, and they found in favor of the defendant Burke on that question, if there is any evidence reasonably tending to support their finding, it will not be disturbed by this court. It is a general rule that evidence of any conduct on the part of the principal recognizing the acts of the agent is admissible. * * *"

We have examined the instructions given by the court, and the law of the case seems to have been correctly declared. We have examined all of the assignments of error in the light of the record, which we have also examined, and are of the opinion that the case was fairly tried, and that substantial justice was done by the verdict of the jury.

Finding no prejudicial errors in the trial of the cause in the court below, we recommend that the judgment be affirmed.

By the Court: It is so ordered.