### JOY v. MORAN.
### SAME v. WEBB.

No. 25881.    June 25, 1935.

J. W. Chancellor, for plaintiff in error.

Roe & Roe, for defendants in error.

PER CURIAM. M. A. Joy, who operated a line of cotton compresses, owned and operated one at Frederick that he operated through other persons, one Darrell Moore, being the manager or superintendent at the time of the transactions involved in this suit. The defendants in error in the consolidated cases, who were plaintiffs below,

Tom Moran and W. T. Webb, owned cotton upon which they desired a government loan, which could not be obtained unless the compress had been designated as a government compress. Moore solicited Moran and Webb to ship their cotton to Joy's Frederick compress, and on Moore's assurance that the compress could handle the cotton as government cotton, they shipped the cotton to Frederick, and it was received in Joy's compress.

Joy failed to meet the government's requirements, and the compress never became a government compress. When Moran and Webb discovered this, they demanded their cotton, but it was refused unless they paid certain charges claimed by the compress. In order to obtain the cotton they paid the charges under protest, and then each of them brought separate suits, thereafter consolidated, against Joy to recover the money so paid, which suits were resisted by Joy. The district court rendered judgment against Joy, and he brings the consolidated suit to this court.

The evidence was uncontradicted as to the facts stated above. Joy was never able to fulfill the contract made by Moore on his behalf, but he received the cotton under the contract and the money was paid in order to get the compress to redeliver the cotton to Moran and Webb.

The facts are not in dispute, and the law equally as clear. Where one enters into a contract that he cannot perform, he will not be allowed to charge the other party for services rendered in connection with the contract that have not been of benefit to the other party.

Joy does not deny this. His one theory is that the contract was not binding on him, because his agent had no authority to make the contract, and that as the cotton was delivered to him and he rendered the services, he is entitled to compensation. The evidence is uncontradicted that Moore had no express authority; he may have had implied authority, but a determination of this question is not necessary to a decision. Regardless of Moore's authority, it was by reason of the contract, and that alone, that Joy gained possession of the cotton. This case turns on ratifications, and not the initial authority of the agent.

One cannot claim benefits under a contract and repudiate its obligations. Never was there a clearer case of implied ratifications than here presented. In Comment A under section 96 of the Restatement of

Agency, it is said that if the principal "receives or retains benefits of an unauthorized transaction with knowledge of the facts, such conduct constitutes an affirmance of the entire transaction irrespective of a manifestation of intent not to be bound by the liability it imposes." At section 97, the statement is that if one bases a defense on the alleged unauthorized transaction it constitutes an affirmance.

The restatement is amply supported by the decisions of this court. Leasure v. Hughes, 72 Okla. 75, 178 P. 696; First. Nat. Bank v. Clark, 93 Okla. 23, 219 P. 370; Washington v. Colvin, 55 Okla. 774, 155 P. 251.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys John T. Harley, Samuel H. Glassmire, and H. M. Gray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harley, and approved by Mr. Glassmire and Mr. Gray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.