FRANCO-AMERICAN SECURITIES, LTD., et al. v. GUILLOT.

97 P. 2d 756.

No. 28876.   Dec. 12, 1939.

Rehearing Denied Jan. 9, 1940.

Edward Hirsh, of St. Louis, Mo., and Jno. B. Harrison, of Oklahoma City, for plaintiffs in error.

Everest & Halley, of Oklahoma City, for defendant in error.

HURST, J.   Marie Guillot, as plaintiff, brought this action to quiet title to certain lots in Oklahoma City, against defendants Franco-American Securities, Ltd., and Mrs. Maud Sheppard Guigere. She also made Phillips Petroleum Company a party to the action, alleging that it was the owner of an oil and gas lease which embraced these lots, and was producing oil therefrom, and asking that it be required to account for oil royalties paid by it to the other defendants. By their answer, defendants Franco-American Securities, Ltd., and Mrs. Maud Sheppard Guigere claimed ownership of the minerals under the lots by virtue of a mineral deed to which plaintiff's name had been signed by her son, Percy Guillot, purporting to convey title thereto to Franco-American Securities, Ltd., and a subsequent conveyance by it to its codefendant. The case was tried to the court, and judgment was ren-

dered quieting plaintiff's title and canceling the deeds under which defendants claimed. The trial court found that plaintiff had received a benefit from a part of the consideration paid by Franco-American Securities, Ltd., to Percy Guillot for the mineral deed aforesaid, and rendered judgment against defendant and Phillips Petroleum Company for royalties paid defendants, less the sum which it found had been expended for plaintiff's benefit. From this judgment Franco-American Securities, Ltd., and Mrs. Maud Sheppard Guigere appeal.

1. Defendants' first contention is that plaintiff's son, Percy Guillot, had authority to make the deed to Franco-American Securities, Ltd. This contention is based upon a letter written by plaintiff to Percy in 1934, imploring him to do all he could to save the home, and on a power of attorney made by plaintiff to Percy on April 1, 1935, giving him general supervision and control over the property, with power to collect rents and royalties, make repairs, and specifically authorizing him to execute an oil and gas lease thereon on the expiration or cancellation of the then existing lease. It is to be observed that neither in the letter nor in the power of attorney was authority given to sell the lots, or any interest therein, except the oil and gas lease.

The general rule is that an agent's authority to sell real estate must be expressly conferred by words distinct in meaning and import, manifesting with certainty the intention of the principal. 8 Am. Jur. 1017. And in Woodsworth v. Franklin (1921) 85 Okla. 27, 204 P. 452, this court held invalid the sale of an oil and gas lease by an alleged agent of the owner, without written authority, stating that the agent's authority to make a valid sale must be in writing, and must be specific and certain. Defendants urge that the general language at the close of the power, authorizing the agent to do everything whatsoever requisite and necessary in the premises, as fully as the principal could if personally present, gave such authority, and cite Soders v. Armstrong (1935) 172 Okla. 50, 44

P. 2d 868, as supporting this assertion. That case involved the authority of an agent, expressly authorized to sell mineral interests owned by his principal, to execute a valid deed therefor, and the court held that he was authorized to do so. We do not consider it applicable here. The general language applied only to the specific acts authorized. Nor do we consider other cases cited, holding that agency may be inferred or implied, and that contracts of an agent within his apparent authority bind his principal, in point on the question involved. There is no evidence of apparent authority, and the authority to sell must be expressly conferred. Woodsworth v. Franklin, supra. We conclude that the finding of the trial court that the authority of Percy Guillot to sell the minerals was not established is not against the clear weight of the evidence.

2. Defendants next contend that there was no intent to commit a fraud, and no fraud committed. Both at the trial, and before this court, plaintiff contended that the signing of her name to the deed by Percy Guillot constituted forgery. Defendants argue that intent is an essential element of forgery, and that no wrongful intent is shown. The evidence shows that at the time the deed was made, October 9, 1935, plaintiff, a colored woman some 73 years of age, was residing in Chicago, Ill., with her daughter. Percy, according to his own testimony, signed his mother's name to the mineral deed at home, and then, taking an elderly colored woman with him, went to the office of a notary public. He did not introduce this woman as his mother, but advised the notary that his mother had signed the deed and wanted to acknowledge it. From the notary's testimony it appears that he assumed or was led to believe that the woman who accompanied Percy was his mother. Percy testified that he believed the power of attorney gave him the right to execute the deed, but made no explanation of his act in taking this woman with him when it was acknowledged, and did not remember whether or not he represented that she was his

mother. After deductions were made for taxes and a small mortgage against the property, he received a check, payable to his mother, for the balance. He signed her name to this check, and deposited it to his credit. He repeatedly refused to answer questions propounded to him on the ground that he might incriminate himself.

The trial court found generally for plaintiff. He had the opportunity to observe the appearance of the witness while testifying, and his finding reflects his inability to draw from Percy's evidence the inference that he was in good faith performing an act which he believed to be within the scope of his authority. The court did not specifically find that the transaction was a forgery, but such a finding on his part would not have been against the clear weight of the evidence.

3. Defendants' third and last contention is that the making of this deed was ratified by plaintiff, both in writing and by the acceptance of benefits thereunder. The payment of the taxes and mortgage, while she was in Chicago and apparently ignorant of the whole transaction, would not amount to ratification, in view of the fact that the general finding of the trial court necessarily included the finding that Percy did not act in good faith. Section 9668, O. S. 1931, 16 Okla. St. Ann. § 11, cited by defendants, makes knowledge and absence of fraud essential before it may be invoked. To establish ratification, full knowledge of all the material facts on the part of the injured party is essential. First Nat. Bank of Canadian v. Brewer (1918) 73 Okla. 61, 174 P. 1077; Thorp Oil & Specialty Co. v. Home Oil Refining Co. (1920) 79 Okla. 225, 192 P. 573. Percy's testimony that he spent $127 for an artificial limb for her was the only other evidence of actual benefit received by plaintiff from the sale, and there is no evidence, aside from Percy's statement that she knew all about it, showing that she knew that the limb was purchased from the proceeds of the sale, or that the sale had been made.

The writing relied on was signed by plaintiff under peculiar circumstances. It was dated July 9, 1936, and reads as follows:

"I hereby appoint my son Percy A. Guillot administrator of all funds received from my oil royalties. I approve of any transactions already performed by him relative to the said oil royalties.

"Marie A. Guillot.

"Oklahoma County,
"Oklahoma State,

"July 9th, 1936.

"Marie A. Guillot, known to me personally, appeared before me a Notary Public, and swore to the above statement and signed the same in my presence.

"Guy Goddard, Notary Public.

"My Com. expires April 24, 1937.
"(Seal)."

The only witnesses who testified concerning it were the notary public, Goddard, who testified that he was taken to plaintiff's house by a young colored woman, who with plaintiff told him in substance what they wanted put into the instrument, and he wrote it and plaintiff signed it, and Percy Guillot, who testified his mother gave it to him for protection, and that he arranged for the notary to come out and fix it. Plaintiff received no consideration for its execution, and it is extremely vague and indefinite. Percy's statement that plaintiff knew all about the sale is contradicted by his sister, who testified that she searched the records at plaintiff's request, and discovered the deed, late in 1936, and that plaintiff had no previous knowledge thereof. If the judgment of the trial court was that the deed was susceptible of ratification, but that plaintiff did not ratify it, we cannot say that such judgment was against the clear weight of the evidence. And in cases of equitable cognizance, such as this, the rule is well established that the judgment of the trial court will not be reversed unless it is clearly against the weight of the evidence. Cordilla v. Taylor (1937) 181 Okla. 20, 72 P. 2d

375; Hivick v. Turben (1920) 77 Okla. 230, 187 P. 1094.

We do not consider the rule announced in First Nat. Bank of Muskogee v. Clark (1923) 93 Okla. 23, 219 P. 370, and similar cases holding that knowledge of facts sufficient to put a reasonable person on inquiry which, if pursued, would lead to full discovery of the facts is equivalent to knowledge, applies here, for the reason that the evidence does not disclose knowledge of any such facts on the part of plaintiff.

Defendants say that no offer to restore the consideration paid by them for the mineral deed was made by plaintiff. The trial court, in its judgment, credited defendants, in the accounting, with all sums shown to have been expended for plaintiff's benefit, amounting to $417, which included the payment of taxes, mortgage, and the cost of the artificial limb which Percy testified he purchased for her out of the purchase price of the minerals. This was a sufficient adjustment of the equities.

Judgment affirmed.

BAYLESS, C. J., and OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and RILEY, J., absent.