## MORRIS v. PIERCE et al.

No. 29542. Oct. 1, 1940.

Rehearing Denied Nov. 19, 1941.

*110 P. 2d 294.*

H. M. Thacker, of Mangum, and Sam S. Gill, of Oklahoma City, for plaintiff in error.

Herman S. Davis, W. T. Jeter, W. B. Garrett, and Hollis Arnett, all of Mangum, for defendant in error.

HURST, J. This cause is an outgrowth of Pierce v. Jones, 182 Okla. 515, 78 P. 2d 677. Morris was by the trial court appointed receiver of the property in that case, and upon his appointment he removed the drilling rig involved in that action to Oklahoma City, and stored it upon a vacant lot adjoining the property used by Jones in conducting a trucking business. Later he sold some of the property at a receiver's sale. When Morris made his report of this sale Pierce and certain lien claimants filed exceptions thereto, claiming that certain articles which Morris had taken possession of as receiver were not included in the sale, and that others, and especially three boilers, were greatly depreciated in value due to the failure of Morris to properly care for and preserve them. After a hearing, the trial court surcharged the receiver for the damage which the court found was occasioned by the loss and deterioration of the property in his hands, and from such judgment the receiver appeals.

The parties agree that a receiver is required to exercise only ordinary care and judgment in the keeping of property coming into his possession as receiver (53 C. J. 173), and the sole question is whether Morris exercised such care and judgment. The evidence is in hopeless conflict on this point. It is undisputed

that Morris was in the employ of Jones when he was appointed receiver, and continued in that employment down to the date of the judgment of which he complains. The property was inventoried by him at or shortly before he took possession thereof as receiver, and it is admitted that at least a portion thereof was missing when the sale was had. Numerous witnesses who testified were positive that the steps taken by the receiver to care for, preserve, and protect the property were reasonably sufficient, and such as were ordinarily taken where such property was concerned, while others testified to the contrary.

As the case is one of equitable cognizance, we have carefully examined the evidence, and are convinced that the judgment is not against the clear weight thereof. Therefore, under the settled rule adopted by this court, it will not be disturbed. Franco-American Securities v. Guillot, 186 Okla. 302, 97 P. 2d 756.

Affirmed.

RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.