A. C. AUCTION COMPANY, Inc., Plaintiff in Error,

v.

C. T. THOMPSON, Receiver, Defendant in Error.

No. 37613.

Supreme Court of Oklahoma.

July 9, 1957.

Rehearing Denied Sept. 10, 1957.

 

A. C. Saunders, R. C. Saunders, Tulsa, for plaintiff in error.

Dyer, Powers & Gotcher, Tulsa, for defendant in error.

CARLILE, Justice.

This is an appeal by A. C. Auction Company, a corporation, to review an order of the district court involving a claim for rentals during receivership. James F. Langley, doing business as Langley Construction Company filed an action against Max C. Hendrickson; the trial court appointed C. T. Thompson as receiver after numerous claims had been filed in the action. The receiver made a report to the court, and on the 25th day of January, 1956 the court entered an order approving a sale made by the receiver. A. C. Auction Company had filed a claim for rents for $760.01 and in this order the claim was disallowed. On the 24th day of February, 1956, A. C. Auction Company filed an objection to the order disallowing the claim. The Court set the proceeding for hearing and on the 5th day of October, 1956 again disallowed the claim. The appeal is from the order of October 5, 1956.

Max C. Hendrickson operated a car washing business in Tulsa, Oklahoma. He occupied premises leased from A. C. Auction Company, hereinafter called claimant, under a lease agreement dated August 16, 1954, and extending for a period of 58 months beginning September 1, 1954. The rents were payable $400 per month. The September rent was paid. Max T. Morgan, president of the claimant, stated that he had obtained a check for $400 for the October rent which had never been paid. The receiver took possession of the building December 20, 1954. The assets of Max C. Hendrickson were sold to Randle and Pennington for $8,837.22. Sometime prior to the report of the receiver Randle paid to Max T. Morgan $1,300 as rentals. It is the dispute about this payment that caused the present appeal.

Randle testified he paid this amount to Max Morgan in full satisfaction of all delinquent rent due from Max C. Hendrickson. The receiver and the attorney for the receiver, W. K. Powers, testified that Morgan was claiming rent for the months of November, December and January; that in order to allow the sale and permit the purchasers, Randle and Pennington, to execute a new lease it was agreed between Randle and Thompson that Randle would pay the rentals due from Max C. Hendrickson. Randle paid this $1,300 on February 15, 1955, or thereabout and this amount was subtracted from the total purchase price of the property sold in order to arrive at the $8,837.22 above.

Claimant insists that it did not accept any rentals for the period the receiver had possession of the building. Powers and the receiver stated that in a meeting held in the office of Judge Adams it was agreed that the rentals were due November, December and January, and it was decided to pay $1,300 for the period the rents were due, including the time the premises were in the hands of the receiver. Morgan denies that any such agreement was ever made by him and states that claimant is not bound by any such agreement.

Powers and Thompson both stated that the attorney for claimant was at this meeting and made the statement that he would see that claimant entered into this agreement. We can agree that in the absence of a showing that claimant agreed to this proposition discussed at the meeting it would not be bound by the agreement reached by the parties.

■ The reason for holding that the claim was properly denied must rest on firmer ground, and we think it does. The overwhelming weight of the evidence discloses that at the time Morgan accepted the $1,300 he was informed of the decision made at the meeting in the office of Judge Adams; that he knew the payment of $1,300 was based on the assumption the rentals were due from November 1, 1954 to sometime in February 1955, and it is rea-

 

sonable to assume he knew of the agreement between Randle and the receiver that Randle would take care of all the rents. At the time of the payment of the $1,300 by Randle, or soon thereafter, it was disclosed that claimant had the insufficient check for the rent for the month of October; not until about that time did it claim the payment of the $1,300 included the amount due for this check. The trial court was justified in finding from the evidence that after Morgan learned he was to receive the $1,300 for the rent he first conceived the idea that he would accept this amount and file his claim for the $760.01, the amount which he now states is for the sum due for the occupation of the premises by the receiver from December 20, 1954 until some time in February, 1955.

Under the circumstances there must be an agreement to support the payment of further rents by the receiver. The trial court was justified in finding there was none. Claimant states in its brief that the evidence discloses that the $1,300 included a payment of $400 for the first month's rent under the new lease. We find no such evidence in the record. Any inference to that effect is disputed, and on this question the finding of the trial court is conclusive. In summing up the evidence prior to the decision and judgment in the case the trial court found:

"It seems to me very loose business on this matter of rental. I'll resolve the facts against the claimant in this matter and deny the claim. It occurs to me if there had been anything other than the completion of the transaction at the time on the $1,300, that there would have been some indication made of it, some kind of a writing between business men; either that or it was a complete misunderstanding, and at this time now it is my opinion that the claimant has failed to meet the burden of proof required to prove his claim. It will be denied."

We think this statement amply justified by the record. In reviewing the order denying the claim and granting the hearing the court was acting as a court of equity. In Morris v. Pierce, 188 Okl. 396, 110 P.2d 294, it is stated:

"A hearing of exceptions filed to the report of a receiver of the sale of receivership property is of equitable cognizance, and a judgment therein will not be reversed on appeal unless it is against the clear weight of the evidence."

We are of the opinion and hold that the rule announced in Morris v. Pierce, et al., supra, is applicable to the hearing held on October 5, 1956, on the claim involved in this appeal.

The order of the trial court denying the claim is affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.