ROBERT LEE and MAE LEE, Plaintiffs

v.

PRINCESS HOMES, INC., CARIBBEAN MOBILE HOMES, JOHN KUNS and GHISLAINE KUNS AND FLORIDA LINES, Defendants

v.

I. B. BRANCH d/b/a BECO CONSTRUCTION COMPANY, Third-Party Defendant

Civil No. 644-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

March 21, 1972

JOHN L. MADURO, ESQ., *for the plaintiffs*

ALEXANDER A. FARRELLY, ESQ., *for defendants Robert S. and Mae I. Lee*

THOMAS D. IRELAND, ESQ., *for defendant Princess Homes, Inc.*

ARNOLD M. SELKE, ESQ., *for defendant Florida Lines*

JOHN R. MAYER, ESQ., *for third-party defendant Beco*

HOFFMAN, *Judge*

### MEMORANDUM OPINION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

The original complaint in this matter was filed on the 29th of July, 1969. On February 3, 1972 the cause was finally heard by the Court. During the interim the Court witnessed lengthy delays in the litigation which contrib-

uted to an ostensible complexity. The parties involved are as follows: plaintiffs, Robert S. Lee and Mae I. Lee, represented by John L. Maduro, Esq.; defendants, John D. Kuns and Ghislaine Kuns and Caribbean Mobile Homes, represented initially by Alphonso A. Christian, Esq., later allowed leave to withdraw as counsel and subsequently replaced by Alexander A. Farrelly, Esq. Said defendants and their attorney failed to appear at trial and their default was noted; defendant, Princess Homes, Inc., represented by Thomas D. Ireland, Esq.; defendant, Florida Lines, represented by Arnold M. Selke, Esq. In addition to the plaintiffs' original claims a cross-claim was filed by defendants, John D. Kuns and Ghislaine Kuns, against Florida Lines and a third-party complaint was filed by Florida Lines against I. B. Branch d/b/a Beco Construction Company. Beco was represented by John R. Mayer, Esq.

The Court rules as follows on three pretrial motions on which the Court had reserved decision until the matter could be heard on the merits: (1) The two motions by the defendants, John D. Kuns and Ghislaine Kuns, dated April 9, 1970 and September 4, 1970, are denied by reason of the said defendants' default at trial. (2) The motion by the defendant, Princess Homes, Inc., filed on November 10, 1970 and seeking dismissal for lack of jurisdiction is also denied. The Court holds that personal jurisdiction over defendant, Princess Homes, Inc., has been adequately established. See: 5 V.I.C. 4903 and 4911.

The alleged complex factual situation in this long and protracted litigation proved to be simple after trial. The Court finds as follows: In November of 1968 the plaintiffs placed an order for a three bedroom trailer with the defendant, Princess Homes, Inc., through defendants, John and Ghislaine Kuns doing business as Caribbean Mobile

Homes. The order specified: "complete price delivered to Estate Sorgenfri . . . . $7,900.00." It further stated that the unit was to have three bedrooms, two baths and was to be furnished with a frost free refrigerator, washing machine and full three ton air conditioning. The order was signed by Robert S. Lee, Mae I. Lee, Ghislaine Kuns and John D. Kuns. The word "agent" appears adjacent to the signature of Mr. Kuns. On November 15, 1968 the plaintiffs paid to Mr. Kuns the sum of $1,000.00 by way of a check made to the order of "Princess Homes, Inc." leaving a balance due of $6,900 plus the cost price of the various extras which the plaintiffs had requested. Sometime later in January of 1969 Mr. Kuns called the Lees from New York and requested that they send him another check payable to Princess Homes, Inc. in the amount of $5,000.00. The Lees did so and this check as well as the previous one is in evidence.

After making these payments the Lees began their wait for the arrival of the trailer. After a considerable delay, due among other causes to a shipping strike, the Lees were advised that their trailer would arrive in March of 1969. The carrier to St. Thomas was the Florida Lines and upon arrival, Beco was engaged to assist Florida in the landing operation. When the Florida Lines' vessel arrived the trailer was in fine condition. Unfortunately, it was severely damaged in landing. Apparently the trailer was not properly balanced on the two slings used to lift it and in addition it appears that the slings were faultily secured. As a result the trailer buckled during the lowering operation and was considerably destroyed. (In light of the Court's decision as set forth below the Court need not reach the issue of negligence as between Florida and Beco.) In examining the damage, however, the Lees discovered that the trailer was not in fact the one they had ordered. The trailer that arrived was a two bedroom unit and was

not equipped with the features specified in the original order. At this stage it was the contention of Princess Homes that the trailer shipped was the one ordered and that Princess did not even manufacture a three bedroom unit of the type ordered by the plaintiffs. Thereafter the damaged trailer was shipped back to Princess Homes and the Lees on March 26, 1969 placed a new order for a trailer. Mr. Kuns informed them that the new trailer would arrive in April of 1969. No trailer ever arrived, however, and to date the plaintiffs have not received a return of their purchase money.

■■ The Court finds from the contract, plaintiffs' exhibit number one, and the testimony of Mae Lee that Princess Homes, Inc., was the disclosed principal and that this was the understanding of the parties at the time of the transaction. See: Restatement, Agency (2d ed.), §§ 156, 323 comment (d). The Court further finds that Princess Homes, Inc., by retaining the proceeds of the check dated November 15, 1968 to its order in the sum of $1,000.00 (plaintiffs' exhibit number two) and the check dated January 17, 1969 to its order in the sum of $5,000.00 (plaintiffs' exhibit number three) ratified and affirmed the actions of the defendants, John D. Kuns and Ghislaine Kuns, as its agent. See: Restatement, Agency (2d ed.), § 8B, and especially comment (d); § 91, and especially comment (e); and in general §§ 82–104. See also: 2 C.J.S., Agency, §§ 29, 29(b), 49, 66, and the following cases: Bass v. American Products Export and Imports Corp., 117 S.E. 594, 30 A.L.R. 168; First Nat. Bank of Mushogee v. Clark, 219 P. 370; Love v. Brown Development Co. of Michigan, 31 S. 144; D.W.L. Inc. v. Goodner-Van Engineering Co., 373 P.2d 38.

It follows therefore that the plaintiffs' claim against John D. Kuns and Ghislaine Kuns and Caribbean Mobile

Homes must be denied. See: Restatement, Agency (2d ed.) §§ 320, 328, 338.

The Court finds that the plaintiffs besides the $6,000.00 paid to Princess Homes, Inc., have established that they incurred foreseeable and consequential damages totalling $238.60 for long distance calls and services in expediting receipt of the trailer ordered. The Court, however, disallows the plaintiffs' claim for amounts expended in preparation of the lot which was to be the site of the trailer and for amounts expended for rental of an apartment due to the unavailability of the trailer.

■ ■ The Court finds that the plaintiffs have failed to establish ownership of the trailer transported by Florida Lines or any damages against Florida Lines. This cause of action is therefore denied and Florida's motion to dismiss is granted. In addition the cross-claim of John Kuns and Ghislaine Kuns and Caribbean Mobile Homes against Florida Lines is dismissed. Consequently the claim of Florida Lines as third-party plaintiff against I. B. Branch d/b/a Beco Construction Co. must fail and is dismissed.

### CONCLUSIONS OF LAW

That plaintiffs are entitled to recover against Princess Homes, Inc., the amount of $6,000.00 as the purchase price money plus the amount of $238.60 which was expended for phone calls and services, or a total of $6,238.60.

### JUDGMENT

That plaintiffs are entitled to Judgment against defendant, Princess Homes, Inc., in the amount of $6,238.60 plus Attorney Fees in the amount of $1,000.00 and Court Costs of $7.00 for total of $7,245.60.

That the plaintiffs' complaint against John Kuns and Ghislaine Kuns and Caribbean Mobile Homes is dismissed without Attorney Fees or Court Costs.

That the plaintiffs' complaint against Florida Lines is dismissed without Attorney Fees or Court Costs.

That the cross-complaint of John Kuns and ·Ghislaine Kuns against Florida Lines is dismissed with $250.00 as Attorney Fees awarded to Florida Lines.

That the complaint of Florida Lines as third-party plaintiff against I. B. Branch d/b/a Beco Construction Company is dismissed with $100.00 as Attorney Fees awarded to I. B. Branch d/b/a Beco Construction Company.

The Clerk will enter Judgment accordingly.