**PASEO VILLAGE, an Oklahoma General Partnership, Appellee,**

v.

**Olen ARMSTRONG, Appellant.**

**No. 65516.**

Court of Appeals of Oklahoma, Division No. 1.

April 7, 1987.

Rehearing Denied May 12, 1987.

Charles W. Stubbs, Oklahoma City, for appellant.

Susan Bates Ward, Oklahoma City, for appellee.

GARRETT, Judge:

This is an action for the recovery of unpaid rentals resulting from an alleged breach of a lease contract. Appellant, Olen Armstrong, was defendant below and was Lessee. Appellee, Paseo Village, an Oklahoma General Partnership, was plaintiff below and was Lessor.

On July 13, 1982, Lessor and Lessee entered into a written lease agreement which was for a term of five (5) years commencing August 1, 1982. The lease covered a building and premises which Lessee was to use for the purpose of operating a laundry. The agreed rental was $600 per month.

Lessee went into possession and commenced the operation of a laundry. A laundry had been operated at the same location. Lessee replaced the machinery and equipment and, in effect, continued the business but with new equipment. Lessee gave Lessor a security interest in the equipment to secure payment of the rentals. The previous operator had employed Rudolph Alexander to do the actual work of operating the laundry and Lessee employed Alexander to continue in that same capacity.

The leased laundry rooms were situated within an apartment complex owned by Lessor. Lessee contends that the object of the laundry at that location was to serve the tenants of the apartments, and that Lessor, early in 1983, commenced to destroy the apartment complex and move the tenants, and this action by Lessor caused the laundry business to fail.

The rent was paid by Lessee from month to month until October 25, 1982. On that date, Lessee sold the laundry to Alexander. Alexander continued to operate the laundry with the same equipment and paid the rent through June of 1983. The rent was not paid for July 1983 or thereafter, and the laundry was closed. Lessee removed the machines and equipment without notice to Lessor.

Lessor commenced this action against Lessee to recover unpaid rentals. Alexander was not a party to the action. Lessor

moved for summary judgment in the trial court and Lessee filed a proper response in opposition thereto. The trial court sustained the motion for summary judgment and entered judgment for Lessor and against Lessee for unpaid rentals. This appeal followed.

Lessee contends that the trial court erred in granting summary judgment for the reason that there were material issues of fact in controversy. (1) Lessee contends that there was no lease contract between Lessor and Lessee for the reason that Lessor had accepted Alexander as tenant and lessee and, in effect, that a novation had taken place. (2) Lessee contends that Lessor had caused a breach of the executory provisions of the lease by causing the customers of the laundry to move from the premises. (3) Lessee contends there were other disputed facts but all of them relate to the question of whether Alexander assumed the lease and whether Lessor agreed to Alexander being the tenant and whether a novation had taken place.

As material here, all of the matters relating to the transfer of the obligations under the lease or cancellation of the lease between Lessor and Lessee and whether a novation had taken place with Alexander being the Lessee under the above mentioned lease or under a different rental or lease agreement were oral. Lessor points to the provisions of the lease which provide that the same may not be modified or assigned without the written consent of both parties.

█ The trial court held, in effect, that the provision which prohibited assignment of the lease in whole or in part without written consent of Lessor was controlling and the factual matters asserted to be in issue by Lessee were not material facts. We do not agree.

15 O.S. 1981 § 237 is as follows:

*A contract in writing may be altered by a contract in writing, or by an executed oral agreement,* and not otherwise. (Emphasis supplied)

The contract in question could be modified by an executed oral contract in spite of the provision contained therein which required written consent to an assignment by Lessor. An executed oral agreement to allow an assignment is no less a modification of the written document than a change in some other provision thereof by an executed oral understanding or agreement.

█ The issues presented by Lessee and briefly set forth hereinbefore are certainly material matters. The outcome of this lawsuit depends on those and other issues. If Lessor induced or caused the breach of contract; or, if the lease contract was assigned, cancelled or modified; or, if a novation took place; it would be material to the rights of the parties. 15 O.S. 1981 § 233; *King v. Board of Regents, Claremore Junior College,* 541 P.2d 836 (Okl.1975); *A.C. Auction Company, Inc. v. Thompson,* 315 P.2d 263 (Okl.1957); *Wagstaff v. Protective Apparel Corp. of America, Inc.,* 760 F.2d 1074 [C.A. 10 (Okl.) 1985].

When there is conflicting testimony, as to material issues, as in the case at bar, the facts should be decided by the trier of facts, either a jury or the court in the absence of a jury, and both parties are entitled to a trial. *Oklahoma Transportation Co. v. Claiborn,* 434 P.2d 299 (Okl. 1967).

The above conclusions make it unnecessary to consider the questions presented by Appellant with reference to damages and attorney fees. However, neither damages nor attorney fees should be awarded in the absence of an evidentiary hearing.

It follows that the judgment of the trial court should be REVERSED and this cause should be REMANDED to the trial court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

REYNOLDS, J., concurs.

ROBINSON, P.J., dissents.

ROBINSON, Presiding Judge, dissenting:

General principles of contract law require that any interpretation of a contract

is governed by the clear and unambiguous terms of that written contract. The contract that the parties entered into provided in part:

The Tenant covenants and agrees with Landlord as follows:

1. Not to assign this lease, in whole or in part, to any other person or organization without, in each case, securing the written consent of the Landlord, and not to suffer any transfer by operation of the law the interest of Tenant in the demised premises.

. . . . .

n. To pay and discharge all reasonable costs, attorneys fees and expenses that shall be made or incurred by Lessor in enforcing the covenants and agreements hereof.

Appellee argues, and the trial court so found, that absent any written consent by the parties, the lease could not be assigned. Appellant argues that an oral modification was consented to when Appellee allegedly agreed and accepted this third party, Alexander, as the tenant responsible for all rental payments. However, the very terms of the contract require the written consent of the landlord in order to effectuate a valid assignment of the lease, and both parties admit that such a written consent is absent. Appellant argues that a written contract may be altered by an executed oral agreement, and cites 15 O.S. 1981 § 237. Although such an oral modification is allowable in some instances,[1] Oklahoma law is clear that this executed oral agreement must be mutual and must be established by positive, clear and convincing evidence. *Creekmore v. Redman Industries, Inc.*, 671 P.2d 73, 75 (Okla.App. 1983).

I have reviewed the entire record and fail to see such positive, clear and convincing evidence of a mutual oral modification, and even if such was present, such an oral modification would be improper absent a showing of fraud, accident or mutual mistake. Further, as was reasoned by the trial court, Appellant's defense that Appellee and Alexander had orally adopted a lease is barred by the statute of frauds. 15 O.S. 1981 § 136 requires that a contract for the lease of real property for a longer period than one year is invalid unless it is in writing. Alexander and Appellee had no such written agreement.

In conclusion, I find that the trial court did not err in granting summary judgment as Appellee is entitled to judgment as a matter of law. The written terms of the lease agreement are controlling and under the facts of this case, this lease cannot be modified either by an allegedly oral agreement or by substitution of another party to assume the responsibilities and liabilities of the lessee.

---

1. Written contracts may be altered by oral agreements upon a showing of fraud, accident or mutual mistake. *Dewberry v. Universal CIT Credit Corp.*, 415 P.2d 978 (Okla.1966). Neither fraud, accident or mutual mistake has been plead or proven in the instant case.